W. M. McAdams, Appellee, v. James C. Davis, Director General
of Railroads, Appellant.

**APPEAL AND ERROR:** Assignments of Error—Fatally Indefinite As-
1   signment.   An assignment of error to the effect that the court
erred in overruling objections to testimony of a named witness as
shown on a series of recited pages of the abstract is fatally indef-
inite.

**NEGLIGENCE:** Pleading.—Submission.   A material and supported as-
2   signment of negligence necessarily requires submission to the jury.
So held as to the alleged negligence of a railway company in closing
a culvert in the right of way.

**TRIAL:**   Instructions—Refused Instructions Otherwise Given.   Re-
3   quested instructions are properly refused when otherwise covered by
the court's general charge.

**RAILROADS:**   Obstructed Drainage—Measure of Damages—Value of
4   **Crop.** , The reception of evidence of the value of a corn crop before
and after a flood on land belonging to plaintiff, though immaterial,
does not constitute reversible error, such testimony having some
bearing on the value of the land before and after the flood.

**RAILROADS:**   Obstructed Drainage—Excessive Damages.   Evidence
5   reviewed, and held to show an excessive assessment of damages
caused by a railway embankment, which acted as an obstruction to
natural drainage.

Headnote 1:   3 C. J. p. 1364 (Anno.)   Headnote 2:   29 Cyc. p. 627;
33 Cyc. p. 373.   Headnote 3:   38 Cyc. p. 1711.   Headnote 4:   4 C. J. p.
969; 33 Cyc. p. 376.   Headnote 5:   17 C. J. p. 1121; 33 Cyc. p. 373.

*Appeal from Mahaska District Court.*—Charles A. Dewey,
Judge.

March 10, 1925.

Rehearing Denied June 25, 1925.

Action to recover damages claimed to have been sustained
by the flooding of plaintiff's land, due to the placing of rock
about the abutments of a bridge belonging to the defendant.

There was a verdict for the plaintiff, and the defendant appeals.—*Affirmed on condition.*

*Devitt & Eichhorn, J. G. Gamble,* and *A. B. Howland,* for appellant.

*McCoy & McCoy,* for appellee.

Faville, C. J.—Appellee is the owner of a farm consisting of eighty acres. It lies immediately north of the right of way of appellant. The North Skunk River traverses the lands of appellee in a southerly direction, and passes under the tracks of appellant under a bridge and trestlework which are located immediately south of appellee's lands. It is the contention of appellee that appellant placed large quantities of rock about the abutments of the bridge and adjacent to the trestle, and also closed a culvert that extended through the embankment at a point a short distance east of the bridge, and thereby narrowed and confined the channel of the river and closed a small creek that passed through the culvert; and that, as a result of said acts, the lands of appellee were flooded.

I.   Appellant's first assignment of error is as follows:

"The court erred in overruling the objections of the appellant to the testimony of Don B. Russell, all as shown on pages 58, 59, 60, 67, 68, 69, 70, 71, 72, 73, 74, 75, and 76 of appellant's abstract."

In *Thompson v. Illinois Cent. R. Co.,* 177 Iowa 328, we said:

"The assignments of error are without reference to rulings, save to the pages on which are to be found, *en masse,* objections sustained or overruled. No propositions or points on which appellant relies are stated, nor are citations made thereunder; and the argument merely states the rulings or refers to certain pages of abstract for grounds of complaint. We must decline to search through pages of the abstract for the particular ruling, among several, to which exception is taken, or to look there for the argument in support of objections. The lines of the abstract are numbered, for the purpose, among other things, of directing attention of the court to the precise ruling com-

plained of; and, if it is entitled to any consideration, it is not too much to exact that it be clearly stated in the assignment of error, and, where found and definitely pointed out, that the proposition or point relied on as showing it to be erroneous or correct be clearly expressed under numbers corresponding with that of the assignment, and that this numbering be followed in argument or elaboration.''

This rule has been followed in *Reynolds & Heitsman v. Henry,* 193 Iowa 164, and other similar cases.

The assignment is too general for us to consider the error relied upon in regard to the admission of the testimony of this witness. We cannot be expected, under a mere general reference to certain pages of the abstract, to search the same for the purpose of ascertaining whether error was made by the court in receiving or rejecting testimony. We find, however, no reversible error pointed out by appellant in respect to the admission of the testimony of the witness Russell. The witness was an expert. It appears that the proper foundation for his testimony was laid, and that the evidence received was material and pertinent. If error is predicated upon specific objection to any portion of the testimony, it should have been pointed out; and we fail to find error in any of the matters urged in respect thereto.

1. APPEAL AND ERROR: assignments of error: fatally indefinite assignment.

II. Complaint is made by appellant of the submission to the jury by the court of the alleged negligence on the part of appellant in closing a culvert, through which a creek flowed, about seventy-five feet east of the bridge. Appellant's contention is that there is no evidence showing that the closing of the culvert caused any injury to appellee's crop, and that, therefore, it was error on the part of the court to submit this ground of negligence to the jury.

2. NEGLIGENCE: pleading: submission.

The area drained by the creek which formerly passed through the culvert was comparatively small. Before the culvert was closed, the waters passed through it, and were thereafter discharged into the river. By the closing of the culvert, the waters were diverted straight west to the river; and there was evidence tending to show that the closing of the culvert and the diversion of the stream tended to retard the flow of water from

appellee's land that had previously been carried by the creek when it flowed through the culvert.

There was sufficient evidence in the record to carry to the jury the question as to whether or not the closing of the culvert contributed to the flooding of appellee's lands. We think that the court did not err in submitting to the jury this ground of negligence.

III. Error is predicated on the failure of the court to give an instruction requested by appellant to the effect that appellant could, in any event, only be liable to appellee for such additional damage to his land, if any, from the overflow of his land, as directly resulted from the negligent acts charged against appellant.

3. TRIAL: instructions: refused instructions otherwise given.

' It appears from the evidence that appellee's land was subject in some degree to overflow, regardless of the obstructions in the river or in the culvert, which it is claimed were placed there by appellant. The thought of the requested instruction was to advise the jury that appellee's recovery could only be for such additional damage to his crops as was caused by the increased overflow of his lands, if any, caused by the obstructions complained of.

The court would not have committed error to have given the instruction in the form requested; but the matter was fully and explicitly covered by the court in the instructions that were given. The jury was told that it would not be justified in theorizing or speculating about the matter of injury, if any, caused by the negligence of appellant in obstructing the flow of water, but that appellee must show by a preponderance of the evidence that the injury to his crops was caused by such negligence; and the jury was told that in no event would appellant be liable for any damage or injury to any part of the crops not occasioned by the negligent acts of appellant, and in the manner substantially alleged by appellee in his petition.

The subject-matter of the requested instruction was clearly covered by the instructions given by the court, and there was no prejudicial error in refusing to give the instruction in the form requested.

IV. The greater part of the damages claimed by appellee was caused by injury to a corn crop; and the evidence shows

that the flooding of the land occurred in the month of June, when the corn had attained a height of between four and five inches. Witnesses were produced who testified to the reasonable value of the corn per acre at that time. In addition to this, appellee was permitted to testify with regard to the value of the corn crop after it had matured in the fall or early winter of the year. The objection to this testimony, on the ground that it was immaterial, was overruled.

*4. RAILROADS: obstructed drainage: measure of damages: value of crop.*

The court might well have sustained the objection to this testimony on the ground that it was immaterial, but its admission in evidence did not constitute reversible error. We think the court did not commit prejudicial error in receiving this testimony, nor is appellant in a position to complain thereof. As bearing on the question, see *Jefferis v. Chicago & N. W. R. Co.,* 147 Iowa 124.

V. The jury allowed appellee no damages to his crops for the year 1918, but found that appellee had been damaged for the year 1919 in the amount of $1,986.08. It is contended by appellant that the amount of the verdict is excessive. Appellant's contention in this regard is predicated upon the testimony of an expert witness for appellee. The contention of appellee was, and he offered testimony to show, that the right of way of the embankment retained the waters so that the high-water mark on the upstream side of the embankment was 1.3 feet higher than on the downstream side of said embankment. Measurements and computations made by the engineer were to the effect that a considerable portion of appellee's lands would have been flooded by reason of the high water, regardless of the condition of the embankment and the obstructions therein, and that only approximately 17 acres more of appellee's lands were caused to be flooded by reason of the obstruction of the embankment than would have been flooded, had the obstruction not been there in June, 1919.

*5. RAILROADS: obstructed drainage: excessive damages.*

It is contended by appellee that some additional seven or eight acres were flooded later, and additional damage caused thereby. If appellee is given the benefit of this contention, it would appear from the record that approximately twenty-five

acres of appellee's land were flooded, which would not have been flooded but for the embankment and obstruction.

It is also in evidence that about seventy per cent of the flooded land was in corn, and about thirty per cent in hay and pasture, or approximately 17.5 acres in corn, and 7.5 acres in hay and pasture. Allowance being made to appellee of the highest amount testified to by his witnesses for the destruction to the crop of corn on the 17.5 acres, which was at the rate of $60 per acre, it would amount to $1,050. The evidence shows that the remaining portion, consisting of 7.5 acres, that was flooded by reason of the embankment, under appellee's theory, was in hay and pasture land, and the maximum price fixed as the value of the crop was $10 per acre, which would make $75. The aggregate injury, under this state of facts, would be $1,125. The verdict returned was for $1,986.08.

We have discovered no way, under the evidence, that the jury could have arrived at the verdict that was returned, under the instructions as given it by the court. Appellee is only entitled to recover from appellant for the injury to his growing crops caused by the obstructions. The evidence shows that his land was subject to overflow in any event. It was low bottom land, lying along the river. A portion of it would have been inundated by the flood waters whether the railroad embankment had been there or not. The lands below the railroad embankment were so partially flooded. Appellant is only liable for such additional flooding of appellee's lands as was caused by the construction of its embankment and the closing of the culvert. Under appellee's own evidence, the amount of injury to the 25 acres which was the approximate amount flooded, would not have exceeded $1,125, and appellee's recovery should not have exceeded this sum, under the evidence, with interest thereon from June 1, 1919.

If appellee shall, within thirty days from the filing of this opinion, file in this court a remittitur of all of said judgment in excess of the sum of $1,125, with interest thereon at six per cent from the 1st day of June, 1919, to the date of the filing of said remittitur, judgment will be entered for said amount, and said cause will be affirmed; otherwise, the judgment appealed from will be reversed, and the cause remanded for new trial.

The costs in this court will be taxed, one half to appellant and one half to appellee.

Appellee's motion to dismiss, which was submitted with the case, is overruled.—*Affirmed on condition; otherwise reversed.*

Stevens, De Graff, and Vermilion, JJ., concur.