W. M. McAdams, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

**TRIAL:** Instructions—Construction as a Whole—Nonapplicability of Rule. An instruction may be so manifestly erroneous and confusing as to be incurable under the rule that the instructions must be construed *as a whole.* So held where the court correctly instructed that defendant was not liable for that part of the damages for wrongful flooding of land which would have occurred irrespective of the negligence of the defendant, but later instructed that the measure of damages was the *value* of the crop immediately before and after the flooding.

Headnote 1:  38 Cyc. p. 1782.

*Appeal from Mahaska District Court.*—D. W. Hamilton, Judge.

### October 20, 1925.

Action against the defendant railroad company for damages to plaintiff's crop, occasioned by the overflow of water on his land. The jury returned a verdict for $2,999.99, which was afterwards reduced to $1,500. Defendant appeals.—*Reversed.*

*Devitt & Eichhorn, J. G. Gamble,* and *A. B. Howland,* for appellant.

*McCoy & McCoy,* for appellee.

Albert, J.—A case similar to the one under consideration, involving almost identical facts between the same parties, was before this court under opinion reported in 200 Iowa 204, the title being *McAdams v. Davis.* In that case damages were recovered for flooding the plaintiff's land in 1919, while the present action is for alleged damage to crops during the years 1920 and 1921.

The plaintiff is the owner of 80 acres of land. He rented 25 acres on the east thereof. His farm is bounded on the south by the defendant railroad, and on the east by the Northwestern Railroad.

The defendant company maintains a steel bridge and trestle, approximately 466 feet long, in its line on the south of plaintiff's land. There were some washouts, and, to protect its bridge and trestle, the defendant placed, at one end of the trestle and around the abutments to the bridge, quantities of stone. The plaintiff's claim is that the negligence of the company consisted of filling in the stone around the abutments and trestle.

The North Skunk River crosses plaintiff's land in a southerly direction, and passes under the bridge. In June, 1920, plaintiff's land was flooded when his corn crop was about four inches high. In May, 1921, his land was flooded, but he had not put in his corn crop at that time. About the first of October, 1921, his land was again flooded, when he claims that his crop was practically matured, and this last flood destroyed his crop.

This is a sufficient statement of facts material to the questions considered.

In the trial of the case, the plaintiff offered the testimony of various witnesses as to their opinion of what the fair and reasonable value of the corn, as it stood in the field, was in 1920, immediately preceding the high water, and what its worth was immediately following the flood in 1920. The same evidence was offered as to the damage done by the flood in October, 1921. To both of these questions objection was made on the ground that they did not call for the proper measure of damages. Plaintiff offered numerous witnesses on this proposition, and they were all permitted to testify as to their opinion of the difference in the value of the crop before and after the flood as to both years.

As heretofore noted, the only negligence charged against the railroad company was the placing of the stone about the abutments to the bridge and trestle. The court gave Instruction 11, which reads:

"It is established beyond controversy that the Skunk River would have overflowed the lands of the plaintiff in the years 1920 and 1921 at the times the plaintiff claims his crops were damaged, and would have done damage to plaintiff's crops regardless of the presence of rock about the bridge and trestle. And for such damage the defendant is not liable. You will only consider such additional damage, if any, resulting to plaintiff's crops from the acts of the defendant, if you find that defendant was negligent, as to which you have been heretofore instructed."

This instruction properly covers the situation as it existed in the evidence in the case. All parties concede that, even if the rocks had not been so placed, the crops would have been damaged by overflow; and it is conceded, or at least is the law, as stated in the instruction, that the defendant could only be liable, in any event, for the additional damage caused to said crop by reason of the placing of the said rocks about the bridge and trestle. With this situation, the court gave Instruction 13, as follows:

"If you find the plaintiff is entitled to recover, the measure of his recovery will be the fair and reasonable value of the crop destroyed, if any, as it stood in the field at or immediately before the time of its destruction, if you find it was destroyed,

and its value immediately after, and as to so much of it as you find was destroyed by the negligent acts of the defendant, if any, and no more.''

This instruction was duly excepted to as not stating the correct rule or measure of damages. The evident intention of the court was to state to the jury that, in measuring the damages, they should take the difference in the reasonable value of the crop before and after the flood; and that whatever that difference was, would be the measure of damages. The instruction, however, does not state the rule. More than that, if it had been so stated, it would not be a correct measure for the jury, under the peculiar facts in this case, it being conceded, as it was instructed, that, if these rocks had not been placed as they were, the plaintiff's crop would have suffered some damage by the flood. Plaintiff cannot charge against the defendant company the damage to the crop by the flood which was not caused by the alleged negligent acts of the defendant. So long as this instruction was given to the jury as their absolute guide in determining the damages, we do not think it is such a clear and fair statement of the rule as the law requires. The danger of giving such an instruction under the situation in this case is made apparent when attention is called to the fact that the testimony of the plaintiff in the case was devoted wholly to the consideration of the difference in value of these crops before and after the flood. The action of the jury herein in returning a verdict against the defendant in the full sum claimed shows on its face that the jury did not comprehend and understand the rule laid down by the court for ascertaining the extent of the defendant's liability. This is not a case where the ordinary rule, that the instructions should be read together and harmonized, applies.

Some other errors are assigned and discussed, but they will probably not arise in a retrial of the case, and we give them no further attention.—*Reversed*.

Faville, C. J., and Evans and Morling, JJ., concur.