The Town of Waukon v. Strouse.

AFFIRMED.

*2. ——: imprisonment for life: form of verdict.* (margin note)

---

The Town of Waukon v. Strouse.

1. **Pleading**: REPETITION OF PLEA AFTER DEMURRER: PRACTICE. Where a party pleads over after a demurrer to his plea has been sustained, and his amended pleading is the same in substance as the original, a motion to strike it from the files should be sustained.

2.  **Assignment of Errors**: RULINGS ON DEMURRER: EXACTNESS. Where a demurrer assailing a petition on several distinct grounds is sustained, an assignment of errors thereon, by simply stating that the court erred in sustaining the demurrer, is too general, under section 3207 of the Code, to raise any question for the determination of this court. (See cases cited in opinion).

*Appeal from Allamakee District Court.*

FILED, MAY 26, 1888.

THIS is a civil action by which plaintiff seeks to recover of the defendant (an alleged transient merchant) the sum of seventeen hundred and fifty dollars for selling goods within the incorporated town of Waukon without a license, and in violation of an ordinance of said town. A demurrer to the petition was sustained. The plaintiff amended its petition, and the defendant moved to strike out the first count thereof because it had been held bad on demurrer to the original petition. A demurrer to the second count of the amended petition was sustained. Plaintiff appeals.

*A. G. Stewart* and *H. H. Stilwell*, for appellant.

*Noble & Updegraff* and *Dayton & Dayton*, for appellee.

ROTHROCK, J.—I.  The motion to strike was well taken. The grounds of recovery in the first count of the amended petition were substantially the same as in the original petition. Where a party pleads over after a demurrer to his pleading has been sustained, and his amended pleading is the same in substance as the original, the other party is not required to again demur. So far as that count is involved, the question is adjudicated, and the amended pleading presents no question nor case for the court to determine, and it should be stricken from the files.

1. PLEADING: repetition of plea after demurrer: practice.

II.  The demurrer contained several distinct points

The Town of Waukon v. Strouse.

or grounds upon which it alleged that the petition was assailable. These points were (1) that the court had no jurisdiction of the action, for the reason that such jurisdiction was exclusive in the mayor of the town ; (2) that there was no authority in the mayor of the town to fix the amount of defendant's liability for a refusal to take out a license as a transient merchant ; (3) that the ordinance upon which the action is founded is unconstitutional and void. There were other grounds of demurrer stated; which we need not set out here. The assignments of error are in these words : "(1) The court erred in sustaining defendant's demurrer to the original petition in said cause ; (2) the court erred in sustaining defendant's motion to strike out the first count of plaintiff's amended and substituted petition ; (3) the court erred in sustaining defendant's demurrer to the second count of plaintiff's amended and substituted petition ; (4) the court erred in rendering judgment in favor of defendant and against plaintiff in this action." The defendant insists that the assignments of error are not sufficiently specific. We think his position must be sustained. It will be observed that there are at least three points in the demurrer. They are not merely repetitions of the same point, but they raise distinct questions. In such case, we are precluded from looking into and determining assignments of error in this general form. Code, sec. 3207 ; *Oschner v. Schunk*, 46 Iowa, 293 ; *Bradley v. Johnson*, 67 Iowa, 614 ; and many other cases. Where the assignments of error are not sufficiently specific, counsel for appellee have the right to stand upon that defect ; and we have no authority to disregard it.

AFFIRMED.

*Marginal note:* 2. ASSIGNMENT of errors: rulings on demurrer: exactness.