REIZENSTEIN V. MARQUARDT.

**Statute of Limitations:** ACTION ON BAILMENT: WHEN IT BEGINS TO RUN. The statute of limitations will not begin to run in favor of a bailee until he denies the bailment and converts the property to his own use. Accordingly, in this case, where plaintiff deposited with defendant a watch to be repaired and for safe-keeping, and did not demand it for a period of ten years, when defendant refused to deliver it, *held* that an action for its conversion might be brought at any time within five years from the date of such demand and refusal.

*Appeal from Johnson District Court.*—HON. H. S. FAIRALL, Judge.

FILED, OCTOBER 2, 1888.

THE plaintiff brought this action to recover the value of a gold watch, of which he claimed to be the owner, and which he alleged the defendant converted to his own use. A motion for a more specific statement of the cause of action was filed, whereupon plaintiff filed an amendment to the petition. A demurrer to the petition, as amended, was filed, and, pending the decision of the demurrer, the plaintiff again, by leave of the court, amended his petition. The defendant again demurred to the petition as amended. The demurrer was sustained. The plaintiff elected to stand upon his petition as amended, and judgment was rendered against him for costs. He appeals.

*Ranck & Wade*, for appellant.

*Robinson & Patterson*, for appellee.

ROTHROCK, J.—As the cause was determined upon a demurrer, it is necessary to set out the material facts as they appear in the petition, and the amendments thereto. They are in substance as follows: By the original petition and the first amendment it was averred that in

Reizenstein v. Marquardt.

the year 1877 the plaintiff delivered the watch in ques-
tion to the defendant for repair and safe-keeping; and
that he demanded the same of the defendant about
March, 1887; and that defendant gave an evasive answer
to the demand; and that a formal demand was after-
wards made, and defendant failed and refused to
deliver the watch. By the second amendment it was
averred that said watch was delivered to the defendant
for repairs; that after the repairs were made, and in the
same year, at the suggestion of the defendant, the watch
was left in his possession for safe-keeping; that the par-
ties afterwards had a number of conversations about the
watch, in which defendant proposed to purchase the
same, but plaintiff refused to sell; that these conversa-
tions occurred about every year, or oftener; that no
demand was made until about 1887, and that the defend-
ant at no time refused to deliver the watch to plaintiff
until that time; that when the demand was made
defendant delivered to plaintiff a lady's watch, which
was deposited with defendant by plaintiff at the same
time, and under the same contract as the watch for the
conversion of which this action was brought; that, at
the time the watch in question was delivered to the
defendant, the parties were intimate friends and neigh-
bors, and that the plaintiff allowed the watch to remain
in the possession of defendant because of said intimate
friendship, and by reason of the confidence placed in
him as a friend and neighbor. The demurrer to the
petition was on the ground of the statute of limitations.
The action was commenced on the twenty-fifth day of
October, 1887, and actions of this kind are barred in five
years from the time the cause of action accrues. Code,
sec. 2529, subd. 4.

It is claimed in behalf of the appellee that the stat-
ute commenced to run at the time the deposit was made,
and that, a demand of the watch not having been made
within five years from the deposit, the action is barred.
In other words, the claim is that no action can be main-
tained because demand was not made within five years
after the inception of the relation of bailor and bailee

between the parties. It is a general rule that a party cannot prevent the running of the statute of limitations by omitting to do some act which he might have done, or which he is required by law to do. A party, having a claim for money against a county, cannot extend the time for commencing the action by failing to present his claim to the board of supervisors. *Baker v. Johnson County*, 33 Iowa, 155. The same rule applies to promissory notes payable on demand. And, generally, where a right of action depends upon a demand, such demand must be made within the period prescribed by the statute of limitations. *Ball v. Keokuk & N. W. Ry. Co.*, 62 Iowa, 753. This is the rule as to actions arising upon contracts, express or implied. See *Thrall v. Mead's Est.*, 40 Vt. 540; *Codman v. Rogers*, 10 Pick. 112; *Palmer v. Palmer*, 36 Mich. 488; *Jameson v. Jameson*, 72 Mo. 640. In *Codman v. Rogers* it is held that the statute will not begin to run until demand, yet, unless demand be made in a reasonable time, the plaintiff will not be entitled to relief; and a reasonable period of time is determined by the circumstances; and where no cause for delay is shown, the time is to be fixed by the statute of limitations. But the action in this case is in the nature of an action for a tort. It is not grounded upon an agreement to pay money for the watch on demand for the money. The defendant was engaged in the business of a jeweler and repairer of watches. It is alleged in the petition that the watch is very valuable, and worth some three hundred and twenty-five dollars, and that after it was repaired it was left with defendant for safe-keeping. It was not contemplated by the parties that a demand would be made immediately. If such had been the intention, it would not have been deposited for safe-keeping. No right of action accrued until there was a wrongful conversion of the property. The rights and obligations of a bailee of personal property are very much like those of a trustee of a resulting trust in realty, and it has always been held that the statute of limitations commences to run in favor of a trustee from the time when he denies the trust, and claims the trust property

Baldwin v. The St. Louis, K. & N. W. Ry. Co.

as his own. *Peters v. Jones*, 35 Iowa, 512 ; *Gebhart v. Sattler*, 40 Iowa, 152. Upon the same principle the statute of limitations will not begin to run in favor of a bailee until he denies the bailment and converts the property to his own use. And the refusal to deliver the property on demand is a conversion. In our opinion, the demurrer to the petition should have been overruled.

REVERSED.