GEORGE C. CHADIMA, Appellee, v. J. M. KOVAR, Appellant.

**APPEAL AND ERROR:** Assignment of Error—Sufficiency of. Each assignment of error should be sufficient in itself to disclose the proposition which appellant desires to present.

**JUDGMENT:** Between Whom Conclusive. A judgment is not evidence of the truth of any fact therein adjudicated except as between the parties thereto and their privies.

> PRINCIPLE APPLIED: Plaintiff accused defendant of tampering with a jury trying a case in which plaintiff was defendant, on account of which wrongful act the jury was discharged with consequent expense and damage to the plaintiff. To prove the said wrongful act by defendant, plaintiff offered in evidence certified copies of the district court record showing the filing of an information against defendant for contempt in interfering with the said jury, the judgment of conviction thereon and that the defendant therein (and herein) had paid the fine assessed. *Held,* error.

**DAMAGES:** Finding of Malice—Exemplary Damages, Right to. Exemplary damages do not flow to plaintiff as a matter of law upon the finding of the element of malice by the jury. In the absence of statute, the allowance is purely discretionary with the jury.

**INSTRUCTIONS:** Giving Correct and Incorrect Rule—Effect. Instructions announcing the correct and incorrect rule on the same proposition are prejudicial.

> PRINCIPLE APPLIED: In instant case, the instructions in one paragraph directed that the jury "should," if it found malice, award exemplary damages and in another paragraph announced the correct rule. *Held,* prejudicial.

**PLEADING:** Affirmation—Denial—Burden of Proof. He who affirms must prove.

> PRINCIPLE APPLIED: Plaintiff sues defendant for wrongfully tampering with a jury, causing its discharge with resulting damage to plaintiff. Defendant pleads another party did the

tampering. *Held*, this state of pleading did not in the least lessen plaintiff's burden of proof.

**JUDGMENT:** Between Whom Conclusive.
2, 6

**TRIAL:** Admissions of Record—Assumption of Fact by Court. An admission of record that will authorize the court to assume the truth of a matter in issue must be as broad as the pleading.

PRINCIPLE APPLIED: Plaintiff in instant case was defendant in an action that was being tried. Defendant in instant case tampered with the jury in the former case in the interest of plaintiff's adversary in that case. This caused the discharge of the jury. Plaintiff in instant case claimed his attorney fees were, by said wrongful act, rendered useless, together with certain other personal expenses. During the trial it was admitted that "the compensation for two attorneys for four days is reasonably worth $50 per day." *Held*, not to authorize the court to assume that if plaintiff was entitled to recover he should recover this amount, as the admission did not reach the question of the "necessity" for such expense or that the attorneys' services were wholly lost to plaintiff by reason of the continuance.

*Appeal from Cedar Rapids Superior Court.*—HON. C. B. ROBBINS, Judge.

TUESDAY, JANUARY 19, 1915.

ACTION at law to recover damages. Judgment for plaintiff and defendant appeals. The material facts are stated in the opinion.—*Reversed.*

*Ranck & Messer,* and *Jamison, Smyth & Hann,* for appellant.

*Remley & Calkins,* for appellee.

WEAVER, J.—The plaintiff states that he was defendant in an action for slander brought against him by one Reverend Joseph Balcar in the district court of Johnson county, Iowa, and when the same came on for trial and the jury had been duly impanelled to try the cause and trial had proceeded for

several days, the defendant herein wrongfully and maliciously tampered with two of the jurors in favor of said Balcar and that because of such wrongful acts on his part the court discharged the jury and continued the case, thereby putting the plaintiff herein (defendant in the case mentioned) to great trouble and expense, when but for such wrongful acts the case would then have soon been disposed of and such loss and expense would have been avoided. In a second count of this petition, the same matter is re-stated, and it is further alleged that by reason of defendant's said wrong plaintiff was put to a large additional cost, including attorneys' fees and personal expenses. The episode in the Balcar case, out of which this claim has grown, occurred in February, 1911. Attached to the petition is a bill of particulars beginning with April 5, 1911, down to November, 1911, made up of charges for numerous trips to Iowa City and other places and expenses thereof, telephone bills, ''correspondence made necessary'' by several continuances and attorneys' fees paid, making an aggregate of $206.50, all of which charges accrued after the case of Balcar v. Chadima had been continued. A further charge is made of $285 for the additional expenses mentioned in the second count of the petition, all arising before defendant's wrongful act but made unavailing because of the interruption of the trial in that case. The answer so far as it need here be considered is a denial of the petition and all the claims therein made. The jury found for the plaintiff in the sum of $346.

I. Many errors are assigned upon the admission and exclusion of evidence by the trial court. In nearly every instance, however, the assignment does not state or show what

1. APPEAL AND ERROR: assignment of error: sufficiency of. is the alleged error of which complaint is made except by a mere reference to the abstract, thus making it necessary for this court to read the abstract to ascertain the nature and point of appellant's objection. It has often been held that such an assignment of error is insufficient and that each assignment should be sufficient in itself to disclose the proposition which

appellant desires to press upon this court's attention. Adhering to this rule, we shall pass the rulings on evidence without consideration, except in a single instance which we shall discuss because of its bearing upon the correctness of one of the trial court's instructions which is challenged by the appellant.

The plaintiff was allowed over defendant's objection to show that while the case of Balcar v. Chadima was being tried to a jury in the district court of Johnson county, the proceeding was interrupted by a complaint that the jury or some of its members had been approached by the defendant herein on behalf of Balcar, and because thereof the jury was discharged and the cause continued. Over like objections he was also permitted to introduce certified copies of proceedings in the district court, showing that an information had been filed therein charging the defendant in this case with contempt because of his alleged interference with the jury as above recited, and that upon the hearing of the contempt proceedings he had been found guilty and adjudged to pay a fine of $25.00 and that he had paid the fine. The competency and materiality of this testimony was contested at every available opportunity. The objection to the introduction of the district court record showing the contempt proceedings, the assessment of a fine and its payment should have been sustained. There are few rules better settled than that a judgment is not evidence of the truth of any fact therein adjudicated, except as between the parties thereto and their privies. The plaintiff in this case was not a party to the contempt proceedings and had no interest therein other than was had by every citizen of the jurisdiction. As between him and this defendant that judgment determined no question whatever—and this is true even though the judgment had been rendered upon a plea of guilty. *Martin v. Blattner,* 68 Iowa 286, 292; *Crawford v. Bergen,* 91 Iowa 675; *Corbley v. Wilson,* 71 Ill. 209; *Clark v. Irvin,* 9 Ohio 131; *Doyle v. Gore,* 15 Mont. 212.

If a judgment is admissible at all upon any question of

2,6. JUDGMENT: between whom conclusive.

fact involved therein, it is conclusive, and if because of lack of identity of parties it is not conclusive, it is then not even a circumstance which the jury may consider on that point. *Bethlehem v. Watertown,* 51 Conn. 490, 494; *State v. Brad-nack,* 69 Conn. 212.

It follows that the fact of the contempt proceedings and of the judgment or finding entered therein were inadmissible, and the court erred in overruling the objection thereto.

For the reasons already stated, we shall not further consider the questions of evidence raised by counsel. We may say, however, that a general reading of the record indicates that plaintiff was allowed to roam so far afield in proof of his right to recover that it is at least very doubtful whether the damages claimed, or some of them, were not too remote to be recoverable. In view of the condition of the record and the probability that an observance of what we have to say in the next paragraph concerning the instructions given by the court will obviate these grounds of criticism when the issues are again tried, we think it unnecessary to be more specific.

II. In the second paragraph of its charge, the court told the jury that the fact that the case of Balcar v. Chadima was continued because of an attempt to influence the jury and

3. Damages:
finding of
malice: ex-
emplary
damages:
right to.

that defendant herein was adjudged guilty thereof had been established without conflict of evidence, and if the jury should find that the said wrongful act of defendant was the cause of the continuance of the case and plaintiff was thereby injured, then he was entitled to a verdict for compensatory damages. To this instruction the court added:

"And if you further find from the evidence that the acts of said Kovar in attempting to influence the jurors in said cause were wilful or malicious, then you should award the plaintiff such further reasonable sum, not exceeding $500, as you find from the evidence he should be awarded, as exemplary damages."

To this direction it is objected that the plaintiff in an action for damages is not entitled to exemplary damages as a matter of law, even though the jury should find the act complained of was malicious. The exception is well taken. Unless the action be one in which by statute plaintiff is entitled to exemplary damages, the question whether any shall be assessed and the reasonable amount thereof is for the jury to decide. *Goodenough v. McGrew,* 44·Iowa 670; *Root v. Sturdivant,* 70 Iowa 55.

The instruction in this case made it obligatory upon the jury to award such damages in case they found for the plaintiff and further found that the act complained of was mali-

4. INSTRUCTIONS : giving correct and incorrect rule : effect.

cious. The error related to a material proposition and was clearly prejudicial. It should be noted, however, that in another part of the charge the court gave the jury the correct rule upon exemplary damages, but the best which can be said is that the charge is in this respect made contradictory and confusing.

In the first paragraph of the charge, the court stated the general proposition of fact which must be established to allow a recovery by plaintiff to be that the defendant meddled with the jurors in the Balcar case and because thereof the district court continued the cause and that plaintiff suffered damage in consequence. In the tenth paragraph the jury were further instructed as follows:

"The burden of proof is upon the plaintiff to establish by the greater weight or value of the evidence, which does not necessarily mean the greater number of witnesses, the proposi-

5. PLEADING : affirmation of action : denial : burden of proof.

tion set forth in Instruction No. 1 herein. The burden of proof is upon the defendant to establish in a like manner that the continuance granted in the cause of Balcar v. Chadima was not due to the act of the defendant, but that the same

was caused in whole or in part by the act of one Louis Wokoun,
acting independently and not in concert with the defendant.''

In explanation of the latter clause of the quoted instruc-
tion, we may say that defendant pleaded and sought to show
that the continuance of the Balcar case was ordered wholly or
in part because of a wrongful interference with the jury by
one Wokoun.

The objection to this paragraph that it erroneously casts
upon the defendant the burden of proof must be sustained.
The affirmative of the charge against the defendant was at all
times upon the plaintiff and the fact that defendant sought to
show that the fault with respect to the continuance was the
conduct of another and different person did not lessen the
plaintiff's burden of proof or impose upon defendant the
burden of showing that it was not due to his act. This is an
elementary proposition and requires no citation of authorities.

The court also instructed the jury as follows:

''You are instructed that the transcript of the order of
the District Court of Johnson County, whereby the case of
Balcar v. Chadima was continued, states as follows: 'It
appearing to the Court that an effort has been
made to tamper with the jury in this case, it
is ordered that the jury be discharged   .   .   .
and you are instructed that such order is a verity and cannot
be contradicted in this case as to the reason for the Court
continuing said cause. And you are further instructed that
said transcript further shows certain proceedings in the case
of the State of Iowa v. J. M. Kovar, and you are instructed
that the judgment of the Court in said case is also a verity
and cannot be contradicted in this case.' ''

2,6. JUDGMENT:
between whom
conclusive.

The giving of this instruction is objected to upon the
same grounds which are urged against the introduction in
evidence of the transcript of the district court proceedings.
For the reasons already stated by us in holding that such

evidence was not admissible, the exception taken to the instruction must be sustained. Further discussion of the law bearing upon this proposition is unnecessary.

Finally, upon the subject of damages the jury were directed as follows:

"If your verdict should be for the plaintiff, you should allow him as his damages, if you find he is

7. TRIAL: admissions of record: assumption of fact by court.

entitled to actual damages and more than nominal damages, the sum of $280.00, together with interest thereon from the 17th day of February, 1912."

The first effect of this instruction would seem to be to eliminate plaintiff's claim to recover damages alleged to have accrued after the continuance of the case of Balcar v. Chadima and is a ruling of which defendant cannot complain, but the objection urged is that the trial court also assumed and told the jury as a matter of law that if plaintiff was entitled to recover anything more than nominal damages his damages must be assessed at $280. The instruction cannot be approved. It is true that in the course of the trial it had been agreed or admitted that "the compensation for two attorneys for four days trial is reasonably worth fifty dollars per day," but this falls far short of an agreement that such attorneys' fees were a reasonable or necessary expense, or that the expense so incurred or money so paid was to that extent lost to the plaintiff because of any act on the part of the defendant, or that if plaintiff was found entitled to a verdict his recovery should be assessed on that basis. From the mere fact, if it be proved, that defendant's wrong caused a continuance of the case, it certainly does not follow as a matter of law that plaintiff was damaged to the extent of all his attorneys' fees and personal expenses for that term of court. If the court believed there was evidence in the record justifying any recovery by the plaintiff, the amount thereof should have been

left to the jury under proper instructions for its guidance. See *Salinger v. Telegraph Co.,* 147 Iowa 484, 491.

Other questions have been argued, but the conclusions already announced are sufficient to dispose of the appeal. For the reasons stated, a new trial is awarded with costs to the appellant and the cause will be remanded for further proceedings in harmony with this opinion.—*Reversed.*

DEEMER, C. J., LADD, EVANS and PRESTON, JJ., concur.