C. P. REYNOLDS, Appellant, v. ARTHUR R. CHEHAK et al., Appellees.

**APPEAL AND ERROR:** Assignment of Error—Fatal Indefiniteness. A specification of error on appeal is fatally indefinite when it simply asserts the naked proposition that the trial court ''erred'' in sustaining generally a numerous-pointed demurrer.

Headnote 1:  3 C. J. pp. 1367, 1368.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

FEBRUARY 17, 1925.

ACTION to recover damages for fraud. . To the plaintiff's petition, demurrer was sustained. Plaintiff elected to stand on his demurrer, and appealed.—*Affirmed.*

*Crissman & Linville* and *W. L. Dutton,* for appellant.

*Johnson, Donnelly & Lynch,* for appellees.

ARTHUR, J.—Plaintiff filed a petition in two counts, alleging in the first count, in substance, that he employed defendants, under written contract, to purchase certain property for him at as low a price as possible, and that they fraudulently represented to him that they paid more money for the property than they actually did, and that he was damaged in the sum of $800. On the second count, he alleges that they fraudulently induced him to enter into a written contract by making misrepresentations as to the condition of the property, and that he was damaged in the sum of $700. He asks judgment on both counts for $1,500.

While the demurrer was single, it contained two grounds for demurrer to the first count and two grounds for demurrer to the second count. The lower court sustained the demurrer generally on each ground thereof, and plaintiff elected to stand on his petition, and refused to plead further. He sets out grounds relied on for reversal as follows: The court erred in sustaining defendants' demurrer and in dismissing plaintiff's petition. Such a statement of ground of reversal is not sufficient, under the rules of this court. We have repeatedly held that such an assignment as to a demurrer or a motion based on several grounds, is not sufficient. *Town of Waukon v. Strouse*, 74 Iowa 547; *Guyer & Hoshaw v. Minnesota Thresher Mfg. Co.*, 97 Iowa 132; and many other cases. The rules of this court require that an error relied on for reversal must be specific, so as to present the very question raised. *Miller v. Swartzlender & Holman*, 192 Iowa 153. In the same case we further said:

"In general, it may be stated that propositions assigned as error, when not presented in the manner and form required by the rules of this court, will not be considered on appeal."

For the reasons stated, under the rules of this court, there is nothing before the court for consideration. We might say in passing, however, that the ruling of the district court on the demurrer seems to be correct.—*Affirmed.*

Faville, C. J., and Evans and Albert, JJ., concur.