CLYDE E. BRENTON, Appellee, v. N. LEWISTON et al., Defendants; E. I. RUNDEL, Appellant.

No. 40684.

April 10, 1931.

Rehearing Denied October 31, 1931.

F. Hollingsworth and L. V. Harpel, for appellant.

C. E. Hunn, H. S. Hunn, Guy H. Hall, and Walter Canaday, for appellee.

Per Curiam: The appellant's brief and argument contains the following as the only statement of errors relied upon for reversal:

"The errors relied on for a reversal of this case are the decision of the Court overruling the motion to direct the jury to return a verdict in favor of the Defendant and in sustaining plaintiff's motion to direct a verdict in his favor, and in entering judgment for the plaintiff."

The motion for a directed verdict in behalf of the appellant contained fifteen separate grounds. The appellee's motion for a directed verdict rested upon five separate and distinct grounds. The court overruled the appellant's motion for a directed verdict and sustained the appellee's motion generally, and entered judgment for appellee.

I. Appellee challenges the sufficiency of the errors relied upon for reversal to comply with Rule 30 of this court. Unless we are to overrule a long line of decisions, the position of the appellee must be sustained. Many of the cases are collected and reviewed in the opinion in Dailey v. Standard Oil Co., 213 Iowa 244. It is unnecessary that we repeat the citations herein. As particularly applying to a situation such as is presented in the case at bar, when the errors relied upon for reversal refer to a motion which is based on several different grounds and which is ruled upon generally, see Reynolds v. Chehak, 199 Iowa 561;

Central Trust Co. v. City of Des Moines, 204 Iowa 678; Bodholdt v. Townsend, 208 Iowa 1350. The cited cases and many others that are referred to therein have definitely and repeatedly established the rule of this court. The errors relied on for reversal in the instant case, under the record and under our repeated holdings, present nothing for our consideration.

■ In this connection we deem it not improper to refer to the fact that there seems to be a somewhat general misapprehension among the bar as to the effect of Code 12869, which is as follows:

"No assignment of errors shall be required in any case at law or in equity docketed in the supreme court."

As early as 1918 we considered this statute in the case of Wine v. Jones, 183 Iowa 1166. We then said:

"The rule requires that appellant state the errors relied on for reversal. Sections 4136 and 4137 of the Code exacted the assignment of errors as a condition of having them reviewed, but these statutes were repealed by the thirtieth general assembly, and it enacted that: 'No assignment of errors shall be required in any case at law or in equity now pending or hereafter docketed in the Supreme Court.' Section 4136, Code Supplement, 1913. (Code, 1927, 12869).

"Counsel for appellant contend that the rule is in conflict with this statute, and if so, the authority of this court to adopt the same is rightly challenged. The manifest purpose of the statute was to do away with certain abuses which had grown up under the practice under the statutes repealed, sometimes as high as 400 or 500 errors being assigned in a single case, and much refinement being indulged in ascertaining whether the assignment of error complied with Section 4136, which declared that it 'must clearly and specifically indicate the very error complained of.' In remedying this abuse, however, the legislature had no notion of impinging upon the Constitution, which, in Section 4 of Article 5, declared that:

"'The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe; and shall have power to issue all

writs and process necessary to secure justice to parties, and exercise a supervisory control over all inferior judicial tribunals throughout the state.'

''The legislature may impose restrictions, as by limiting appeals by the amounts in controversy (Andrews & Smith v. Burdick & Goble, 62 Iowa 714) ; but it may not, by the enactment of restrictions, so change the character of the court as that it shall be other, in reviewing a law action, than 'a court for the correction of errors at law.' It cannot be assumed that all adverse rulings are challenged as erroneous. On the contrary, they are conclusively presumed to have been correct, in so far as the particular cause is concerned, until complaint, in some manner, is lodged against them. How shall those of which complaint is raised be ascertained by the reviewing court? The rulings cannot well be reviewed unless the reviewing tribunal is informed of the particular rulings of which complaint is made. In other words, it cannot well correct a ruling without ascertaining in some manner what it is called upon to examine and, if erroneous, correct. This is inherently essential to any review of a ruling the correctness of which is challenged, and cannot be prohibited by the general assembly. Nor do we think such was its purpose in enacting Section 4136 of the Code Supplement, 1913 (Code, 1927, 12869). All intended was to dispense with the so-called assignment of errors as a separate pleading in the case, formerly included separately in the abstract and required to be served on appellee 10 days before the first day of the trial term, in the absence of showing of good cause for failure, to avoid dismissal or affirmance. Technically, an assignment of errors is a pleading, in the nature of a petition, reciting the rulings complained of and invoking the jurisdiction of the appellate court. Lamy v. Lamy, 4 N. M. 29 (12 Pac. 650) ; Hinkle v. Shelley, 100 Ind. 88; Wells v. Martin, 1 McCook (Ohio St.) 386, 388; Powell on Appellate Proceedings, 277; Ditch v. Sennott, 116 Ill. 288 (5 N. E. 395) ; Associates of Jersey Co. v. Davison, 29 N. J. L. (5 Dutch.) 415. The statute dispenses with this formal pleading, but does not undertake to prescribe the manner of arguing errors complained of, in presenting a cause to this court.''

To the cases cited in the Wine case regarding the nature of an assignment of errors there may be added the following:

Scott v. Great Western Coal & Coke Co., 223 Ill. 271 (79 N. E. 53) ; First National Bank v. William R. Trigg Co., 106 Va. 327 (56 S. E. 158) ; Jones v. Atlantic Coast Line R. Co., 153 N. C. 419 (69 S. E. 427).

It is perfectly obvious that the statute in question (Code, 12869) in no manner relieves counsel of the necessity of presenting a proper statement of errors relied upon for reversal. The necessary particularity required to make such statement comply with Rule 30 of this court has been repeatedly reiterated and emphasized by many decisions. We must enforce the rule as to all litigants in this court or abrogate it entirely. The latter alternative we cannot adopt.

██ II. After appellee had filed his motion to dismiss, directing attention to the failure of appellant to properly set out errors relied upon for reversal, the appellant, by an additional and amended brief and argument, seeks to avoid the appellee's contention by attempting in said additional and amended brief and argument to amend the errors relied upon for reversal, setting out the pages of the abstract where the motions of the respective parties are set forth. Even if this had been included in appellant's original brief and argument it would have been insufficient. Bodholdt v. Townsend, supra.

Upon the case as presented to us, the judgment of the district court must be affirmed. A ruling on the motion to dismiss which was submitted with the case is obviated by the conclusion we reach.

The judgment is—Affirmed.