PEOPLES TRUST & SAVINGS BANK, Appellee, v. C. C. SMITH et al., Defendants; A. S. CUNNINGHAM et al., Appellants.

No. 40368.

APRIL 10, 1931.

H. S. Life, for appellants.

McCoy & McCoy, for appellee.

FAVILLE, C. J.—I. The appellants submit two errors relied upon for reversal. The first of these is as follows:

"The court erred in refusing admission of testimony in support of defense of fraud, plead generally in separate answer of appellants, for the following reasons:

I.

A.

"The general defense of fraud plead by these appellants was not attacked by plaintiff through demurrer motion or reply, and defect of general plea of fraud of these appellants, was thereby waived by appellee.

## B.

"A general plea of fraud as a defense, not attacked, warrants the admission of equally general evidence in support of such plea."

 The argument in support of this alleged assignment of error is very brief. It is stated that fraud was pleaded as a defense, and it is argued that "it was the duty of the court under such record to admit evidence in support of such general plea of fraud and in sustaining objection to introduction of such evidence committed reversible error, entitling these appellants to reversal in the appellate court."

It is scarcely necessary that we cite authorities showing the insufficiency of this error relied on for reversal. Under the Constitution, in law actions this court is one "for the correction of errors at law." Const. Art. V, Sec. 4. Ever since the organization of the court it has been the requirement that the specific errors of which complaint is made shall be pointed out so that they may be corrected. In this alleged error no ruling of the court is pointed out, no offer of evidence is shown, no page or line of the abstract is referred to by which we can ascertain any ruling of the court that could come under this blanket and general assignment. There is nothing before us for consideration under this assignment or by which we can ascertain in any way the error relied on and which we are asked to correct. Chamida v. Kovar, 168 Iowa 385; Roche v. Star Land Co., 176 Iowa 34; Thompson v. Ill. Cent. R. Co., 177 Iowa 328; McAdams v. Davis, 200 Iowa 204; Reynolds & Heitsman v. Henry, 193 Iowa 164; In re Work's Estate, 212 Iowa 31; Dailey, Adm'r. v. Standard Oil Co., 213 Iowa —.

II. The second error relied upon for reversal is as follows:

## "II.

"The court erred in directing a verdict for plaintiff for the following reasons:

## A.

"The evidence admitted established the defense that these appellants were as to plaintiff, accommodation endorsers, under Sec. 9524 of Code of Iowa, and entitled to have such issue determined by a jury."

126

■ Conceding, for the sake of the argument alone and without so deciding, that this error relied upon for reversal presents anything for our consideration, we ascertain from appellants' amendment to their abstract that the motion for a directed verdict was predicated upon three separate counts and was sustained generally. It is elementary that it was incumbent upon the appellants to establish that the motion for a directed verdict was not good upon any ground thereof before error can be predicated upon the sustaining of said motion. Furthermore, even if it be conceded that the argument by referring to the abstract by page and line directs our attention to the evidence complained of, we are met with the fact that the appellee has made a sweeping and all-inclusive denial of the appellants' abstract, both before its amendment and afterward, and particularly with respect to the evidence of which appellants purport to complain.

The appellants have failed to sustain their abstract by any certification of the record. Under Rule 17 of this court, we must deem the denial by the appellee as true. We therefore have no basis in the record upon which to consider the alleged error.

It therefore follows that the judgment appealed from must be affirmed. No ruling is required on the motion to dismiss the appeal which was ordered submitted with the case.—Affirmed.

ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.

EVANS and WAGNER, JJ., not participating.