F. H. LOVRIEN, Appellant, v. R. F. OESTRICH, Appellee.

No. 41153.

APRIL 5, 1932.

John Cunningham, for appellant.

C. W. Garfield, for appellee.

MORLING, J.—The note sued upon is dated December 1, 1916. By its terms it was made payable 30 days after demand. The petition, which was filed October 14, 1930, alleges that demand was made September 12, 1930. Defendant demurred on the ground that the action was barred by the statute of limitations.

The note by its terms bears interest at six per cent, payable annually. The form is one in common use for both short and long-time loans. There is nothing in the form or nature of the contract represented by the note which would indicate any expectation or understanding that demand was not to be made promptly. No question of bailment, or trust, or of contract indicating an expectation that there was to be delay in making demand is involved. Decisions such as in Andrews v. Andrews, 51 A. L. R. 542, 212 N. W. 408, 170 Minn. 175, 185; Cook v. Gore's Estate, (Vt.) 72 Atl. 322; Reizenstein v. Marquardt, 75 Iowa 294, are upon the facts, not applicable. See also 17 R. C. L. 756; Note 47 A. L. R. 181.

It was wholly within the power of the holder of the note to make demand and thereby determine the time of maturity. It was, therefore, incumbent upon him to make demand within reasonable time, and in such case demand must be made within the time prescribed by the statute of limitations for commencing suit. A creditor may not by his own act or neglect delay or postpone the running of the statute. The holder might have made demand on the date of the note, December 1, 1916, and thereby matured his cause of action in 30 days thereafter. The

statute of limitations began to run at the end of 30 days from the date of the note and action upon it was barred in 10 years thereafter, within the principle of Great Western Telegraph Co. v. Purdy, 83 Iowa 430, 433; Hodgson v. Keppel, 211 Iowa 795; Citizens Bank v. Taylor, 201 Iowa 499; Prescott v. Gonser, 34 Iowa 175, 179; Wilson v. Stipp, 194 Iowa 346, 350; and recognized Reizenstein v. Marquardt, 75 Iowa 294.

Palmer v. Palmer, 36 Mich. 487, was an action upon a similar note and this rule was applied to it.—Affirmed.

All Justices concur.