PRUDENTIAL INSURANCE COMPANY of America, Appellant, v. WILSON BURNS, Appellee.

No. 43943.

JUNE 15, 1937.

Bennett & Shoup, A. V. Proudfoot, and Clinton B. Nasby, for appellant.

J. Berkley Wilson, Nelson S. Burns, Harry F. Burns, and McMartin, Herrick & Langdon, for appellee.

PARSONS, J.—Plaintiff in this case brought an action in the district court of Warren County, Iowa, for forcible entry and detainer to recover possession of a farm. Defendant filed answers admitting the corporate character of plaintiff, denying each and every other allegation of the petition, and claiming he had a lease.

The case was tried to a jury, instructions were given, and the jury returned a verdict for the defendant. Judgment was finally entered upon the verdict, and plaintiff appealed to this court.

This case, it seems to us, must be decided upon the sufficiency of assignment of errors made by plaintiff in his argument. This court made a set of rules which applied to appeals made after November 15, 1931, and in these rules, in Rule 30, we find what the brief of appellant shall contain. The fifth matter therein is the errors relied upon for reversal, followed by a note which says:

"Note. What the rule contemplates and requires is a statement of errors relied upon for reversal.

"The rule contemplates that the statement of error shall be complete in itself and that each ruling of the court deemed by the appellant to be erroneous and reversible shall be set forth in clear, concise and definite language sufficiently full and specific, but without elaboration, to apprise the court of the ruling complained of and the particular or particulars in which and for what reason it is claimed to be erroneous."

Subsequently an amendment to and revision of the rules were made by the court, and therein Rule 30 was amended, and speaking of the appellant's brief, it says:

"Fifth. The appellant shall then state his first error relied upon for a reversal, and shall set out so much of the record as refers thereto, together with the ruling of the court thereon; and shall then point out specifically and in concise language, the complaint against the ruling of the court. This shall be

followed by a brief of authorities in support of his contention, without quotation therefrom. Then shall follow his argument, in the usual form, supporting the errors thus claimed, in which, among other things, reference to and quotations from the authorities set out may be made or elaborated. This shall constitute the first division of his brief and argument.''

We find in the record of this case, two assignments of error, one being:

"The court erred in overruling plaintiff's motion for a directed verdict."
and second:
"The trial court erred in sustaining defendant's motion to reconsider its order entered on July 3, 1936."

There is no pointing out in concise language the complaint against the ruling of the court. That must be done. And then it is followed by a brief of authorities in support of the contention. In each of these assignments of error the appellant failed completely and utterly to observe the rule of the court as laid down in either the original Rule 30 or Rule 30 as amended.

As before stated, the first error assigned is in overruling the motion for a directed verdict. This motion was made at the close of all the evidence, and was based upon five grounds, no one of which is pointed out, so it is what might be called an "omnibus" assignment of error.

In an opinion by Judge Donegan, in Russell v. Peters, 219 Iowa 708, at page 711, 259 N. W. 197, 198, the court said:

" 'Our attention has been called to a number of cases in which we have held that statements of error relied upon for reversal were not sufficiently specific to comply with our rules, and have added that, notwithstanding this, "we have read the record and found no error". A reading of these cases, however, will show that they were always followed by an affirmance, and we have yet to have our attention called to any case where, after having held the statement of errors relied upon insufficient, we have reversed.' " Citing W. T. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18.

In this last case Judge Donegan wrote the opinion. The

errors relied upon were upon similar assignments of error here. In this opinion Judge Donegan said at page 157:

"It will be observed that in the note which appears as a part of the fifth subdivision of Rule 30, it is stated that the rule contemplates that the statement of error shall be 'sufficiently full and specific, but without elaboration, to apprise the court of the ruling complained of and the particular or particulars in which and for what reason it is claimed to be erroneous.'" On page 158 of the opinion the court quotes from Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218, as follows:

"'Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. Omnibus errors will not be considered, but will be disregarded. Among the numerous cases so holding are Town of Waukon v. Strouse, 74 Iowa 547, 38 N. W. 408; Guyer & Hoshaw v. Minn. Thresher Mfg. Co., 97 Iowa 132, 66 N. W. 83; Holt v. Doty, 193 Iowa 582, 187 N. W. 550; Reynolds v. Chehak, 199 Iowa 561, 202 N. W. 268. The thought is that, in assigning these points or errors, the assignment must not only state the points, but the reason or basis for the complaint.'"

In re Estate of Butterbrodt, 201 Iowa 871, 208 N. W. 297, in an opinion by Judge Albert, it was held that a general blanket assignment of error, to the effect that the court erred in overruling an eight-pointed motion for a new trial, will not be reviewed.

In Reynolds v. Chehak, 199 Iowa 561, 202 N. W. 268, Judge Arthur held that a specification of error on appeal is fatally indefinite when it simply asserts the naked proposition that the trial court "erred" in sustaining generally a numerous-pointed demurrer.

In Central Tr. Co. v. City of Des Moines, 204 Iowa 678, 216 N. W. 41, Judge Morling held, an assignment of error which simply asserts that the court erred in overruling a 29-pointed motion is fatally lacking in definiteness. Likewise, statements or propositions of law, without any attempt to apply them to the ruling of the court.

In Hedrick Nat. Bank v. Hawthorne, 209 Iowa 1013, 227 N. W. 403, Judge Wagner held that an assignment of error which broadly asserts that the trial court erred in sustaining a

many-pointed motion presents no reviewable question to the appellate court.

The second assignment of error is simply that the trial court erred in sustaining defendant's motion to reconsider. It is not even pointed out in the assignment where the motion to reconsider is found in the abstract. This consists of four grounds, and hence the claimed assignment of error comes under the rule of "omnibus" assignment of error, and therefore cannot be sustained.

All these cases fully sustain the proposition of the defendant appellee in this case, that the assignments of error made in this case cannot be considered, and therefore, for the reasons pointed out, the judgment of the lower court is hereby affirmed. —Affirmed.

RICHARDS, C. J., and STIGER, HAMILTON, DONEGAN, ANDERSON, KINTZINGER, and SAGER, JJ., concur.