INDEPENDENT SCHOOL DISTRICT of West Grove Township, Davis County, Appellant, v. MAE HARTWICK et al., Appellees.

No. 44558.

492

Verne J. Schlegel and D. W. Harris, for appellant.

Ernest R. Mitchell and Holliday & Myers, for appellees.

BLISS, J.—The appellees have filed a motion to dismiss the appeal because the appellant has failed to comply with Rule 30 of this court, in any of its provisions, in its brief and argument. Its abstract contains 326 pages and its brief and argument, 117 pages, printed at a cost of $376.55. The amount claimed in the action is $508.65. The brief and argument contains no short, clear, or definite statement of the nature of the action. In fact it is very difficult to ascertain from it what the lawsuit is about. It is impossible to epitomize a concise statement of the nature of the action from appellant's narration thereof and we set out verbatim the first three pages of the brief and argument, to wit:

"This is an action at Law instituted by the Board of Directors of the Independent School District No. 8 of West Grove Township, Davis County, Iowa, against Mae Hartwick, a former Secretary of the School Board of said School District, Kennis Henderson, a former Treasurer, and Anna Henderson, a former School Director and Harry Hartwick who claimed to be a fomer School Director in said School District. The claim of Harry Hartwick, to the office of School Director, is based upon a claimed appointment made during the Fall of 1933. John Hanna, a former School Director in said District died October 4th, 1933. It is claimed Harry Hartwick was appointed Director to fill the vacancy caused by the death of John Hanna. There

is some dispute about the date of the claimed appointment of the said Harry Hartwick. The claim of the plaintiff Appellants is that Harry Hartwick was never a duly appointed director because of the action of the board on October 23, 1933, was more than 10 days after the death of John Hanna, on October 4, 1933, the date when the vacancy first existed.

"This action is brought for the purpose of recovering money for the School District. It is the claim of the Plaintiff-Appellants in this cause of action that the Defendant-Appellees unlawfully expended money belonging to the School District, and for purposes that were unauthorized. That they expended money from the School Treasury for the purpose of trying to maintain themselves in office, and for the purpose of enabling them to maneuver the matters and business of this School District in the manner that they desired, and for their own personal benefit. That the unlawful expenditures were made without benefit to the school district and with full knowledge of the fact that they were unlawful, and that they were not only authorized, and in several instances that they were improper expenditures. That because of these facts they are bound to account to said School District for said unlawful expenditures.

"It is the further claim of the Plaintiff-Appellants herein that the Defendant-Appellees, and each of them, conspired and confederated themselves together for the purpose and with the intent of preventing and interfering with the School Board of said School District properly carrying out the functions and duties imposed on its members, and for the purpose of preventing them from properly carrying on the business of said School District. That the Defendant-Appellees assumed control over the property in said School District and the moneys collected from taxes and from time to time expended said money under the pretense of expending the same for the benefit of said School District when in truth and in fact they had no authority to do so and that the fact that they had no authority to do so was known by them at the time of said expenditures. That these expenditures were made for the purpose of promoting their own interests and for the purpose of trying to maintain themselves in charge of the affairs of said School District and enable them to transact the business of said School District as they so desired and contrary to the wishes of the patrons of said School District and to the best interest of the same. * * *

"The basis for the Plaintiff-Appellants claim has to do with a series of transactions covering a period from the early part of the year of 1934 down to about the date when this cause of action was instituted, viz., July, 1935, and in order to enable the Court to have in mind the claims made by the Plaintiff-Appellants it appears to us to be necessary to briefly relate the events leading up to the institution of this suit.

"On or about October 4, 1933, John Hanna, a Member of the School Board of this Independent School District died. Following his death the remaining members of said School Board, to-wit: Anna Henderson, and R. G. Dickson, met at the home of Mae Hartwick, the then Secretary of said School Board, for the purpose of appointing a Director to fill the vacancy caused by the death of John Hanna. At that meeting of the remaining School Directors, Harry Hartwick was appointed to fill that vacancy. It is the claim of the Plaintiff-Appellants that this meeting was called on October 23, 1933, nineteen (19) days after the existence of said vacancy."

Following the foregoing statement, which concludes on page 5 of the brief and argument, is a rambling statement of testimony and comment thereon, concerning school board meetings and other school litigation, none of which throws any light on this action, which continues to the bottom of page 60 of the brief and argument.

At no place in the brief and argument do we find any statement of the nature of the defense. In the first 60 pages there is no statement of how the case was decided, but in the last 57 pages we find scattered statements to the effect that the court should not have directed a verdict against it.

Nowhere is there a brief statement of the main facts as claimed by the appellant.

The appellant has made no assignment of errors that in any sense complies with the fifth subdivision of Rule 30. By going to the abstract we find that at the close of all of the evidence, each side moved for a directed verdict. The court sustained the motion of the appellees and entered judgment against the appellant for the costs of $208. Appellees' motion to direct a verdict for them was based upon five grounds. The only statement which could be construed as an assignment of error is the following on page 62 of the brief and argument, to wit:

"That the Plaintiff-Appellants were entitled to have said matter (sums wrongfully expended) submitted to the jury, and that the sustaining of the Defendant-Appellees motion for a directed verdict was reversible error. That we further state that the question of conspiracy was a question of fact for the jury for their determination, and that the refusal of the court to submit said question to the jury at the end of the trial of the cause was reversible error."

The motion to direct was on five grounds. One of the grounds was the failure to establish any conspiracy or joint liability among the defendants. Save for the above reference to that ground, the assignment was a blanket, and an omnibus one. Nowhere in any statement, which might be called an assignment of error, is any part of the record set out with reference to any error, in not submitting the conspiracy issue, or to any error in the ruling on this motion, or on any ground thereof. Nowhere does the appellant give any reasons in support of its claim that the court erred in sustaining appellee's motion to direct a verdict. No part of the abstract or any mention of it is made in the last 57 pages of the brief and argument. The necessity of complying with Rule 30 or of making some reasonable attempt to follow its provisions, has so many times been called to the attention of the bar, with citation of authorities, that we will call attention to but a few of the later cases, namely, Petersen v. New York Life Ins. Co. of New York, 225 Iowa 293, 280 N. W. 521; Pickett v. Wray, 225 Iowa 288, 280 N. W. 519; Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18; Hawkins v. Burton, 225 Iowa 1138, 281 N. W. 342; Dailey v. Standard Oil Co., 213 Iowa 244, 235 N. W. 756.

In going through the long record in search of some proper assignment of errors, or basis for the appellant's complaint, we have noted an itemized statement of the money claimed to have been wrongfully expended by the appellees. On their face, these items, with scarcely an exception, appear to be proper school expenditures. We are not, however, passing on the merits of the case, but are sustaining appellee's motion to dismiss the appeal, and it is hereby dismissed.—Appeal dismissed.

MITCHELL, C. J., and SAGER, HALE, OLIVER, and MILLER, JJ., concur.