GERTRUDE WILSON, Appellee, v. IOWA SOUTHERN UTILITIES COMPANY, Appellant.

No. 45131.

JUNE 18, 1940.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellee.

Valentine & Valentine and Everette K. Jones, for appellant.

BLISS, J.—Plaintiff, in her petition, filed October 17, 1938, alleged: that the defendant maintained an office and agency in Osceola, in charge of its agent and manager, W. F. Hutchinson, who, on October 6, 1930, sold to her five shares of the defendant's cumulative preferred stock, of the 6 percent series, for which she paid the defendant $500; that the said Hutchinson, as a part of the transaction verbally agreed with the plaintiff that the defendant would repurchase the stock from the plaintiff, at any time upon plaintiff's request, and would pay her therefor full par value, plus earned interest; and that on October 8, 1938, she made demand on the defendant by registered mail, with tender of the stock, to repurchase said stock, which demand was refused.

For answer the defendant admitted the purchase and payment of the stock as alleged, and denied all other allegations and any liability to plaintiff. By amendment to its answer, the defendant alleged that plaintiff's cause of action did not accrue within 5 years next preceding the commencement of the action, and was barred by the statute of limitations (Code 1939, section 11007); that plaintiff did not demand performance of the agreement to repurchase, nor commence the action, within a reasonable time after the making of the agreement, and no such demand was made thereafter and within the period of the statute of limitations, and therefore the plaintiff could not recover; and that an unreasonable length of time elapsed between the date of the alleged agreement to repurchase and the

demand for performance and the commencement of the action, and the plaintiff was therefore guilty of laches, which barred her recovery.

In reply the plaintiff denied the allegations of the answer and alleged that within five years just prior to the commencement of the action the defendant admitted in writing that plaintiff's claim was unpaid and agreed in writing to pay the same, but that the writings had been destroyed and could not be produced.

The evidence discloses, without dispute, that the plaintiff, a married woman, 57 years old, in the first week of October 1930, went to Mr. Hutchinson, and told him that she had $500 in two Osceola banks, representing her savings since she had been married; that she was apprehensive that the banks might close, and she wished to withdraw it and put it some place where it would be safe; that she had heard others say they had bought the defendant's stock and were getting more interest than the bank was paying and that it was much safer; that Hutchinson told her it was safer with the defendant than in the bank, and just as safe as gold; that she told him she and her husband might go to California, that they were unsettled, and might need it for something else, and Hutchinson told her that anyone who bought the defendant's stock could have their money back any time they wanted it, and that she could have hers at any time she requested it; that he further said she would get 6 percent interest, or $7.50 every three months; and that relying on this representation she withdrew her money from the banks and paid $500 in currency to Hutchinson for the stock, which she received in about a week. She further testified that when the defendant would fail to send the quarterly remittances of interest or dividends, she would receive a letter from the defendant explaining why it was not paid, and that it would pay the interest as soon as it could. She testified that the letters had been destroyed. This testimony as to the contents of the letters was admitted over the defendant's objection that it was incompetent and irrelevant. The secretary of

Hutchinson corroborated plaintiff's testimony relative to her talk and transaction with Hutchinson. Plaintiff admitted that she made no demand upon defendant to repurchase until her attorney's letter of October 8, 1938. The defendant admitted receipt of the letter. There was undisputed evidence that plaintiff had received dividends up to and including December 31, 1931, and thereafter on January 19, 1935, July 3, 1935, December 24, 1935, July 1, 1936, December 23, 1936, April 1, 1937, December 20, 1937, and July 1, 1938.

The above statement covers in substance the evidence for the plaintiff. When plaintiff rested the defendant moved for a directed verdict upon seven grounds, including the affirmative defenses alleged in the amended answer, and that the evidence was insufficient, the alleged agreement was too indefinite, and that Hutchinson had no authority to make the agreement.

Upon the overruling of this motion, the defendant announced that it stood upon its motion for a directed verdict, and that it would not introduce any testimony. Plaintiff then moved for a directed verdict upon the grounds that she had established the allegations of her petition and that the defendant had neither pleaded nor proved a defense. The court sustained this motion and, at the court's direction, the jury returned a verdict for the plaintiff, upon which judgment was entered. Defendant's motion for new trial and to set aside the verdict, based on thirteen grounds, was overruled.

On this appeal appellant assigned three errors for reversal. The first assignment is "the court erred to the prejudice of defendant in failing and refusing to direct a verdict in its favor on the grounds stated in defendant's motion for a directed verdict." The appellant then refers to the pages of the abstract where the motion may be found, and states that it calls attention to grounds three, four and five thereof, being the three affirmative defenses which it set up in its amended answer, to wit, the statute of limitations, failure to make demand within a reasonable time and within the statute of limitations, and laches. The appellant then sets out sufficient of the testimony to show the alleged agreement and the time of the demand.

The second assignment is "the court erred to the prejudice of defendant in sustaining plaintiff's motion for a directed verdict."

The third assignment is "the court erred to the prejudice of defendant in failing and refusing to grant its motion for new trial and to set aside the verdict of the jury."

Each of these assignments is followed by this statement: "The evidence, brief of authorities and argument applicable to this division are the same as under Division 1, and the contents of Division 1 are made applicable hereto without repetition."

■ I. Appellee asserts that none of the assignments of error comply with Rule 30. There is no compliance in several respects. This is particularly true of the second and third assignments. Morrow v. Downing, 210 Iowa 1195, 232 N. W. 483; Peoples Tr. & Sav. Bk. v. Smith, 212 Iowa 124, 236 N. W. 30; Brenton v. Lewiston, 213 Iowa 227, 236 N. W. 28, 238 N. W. 714; Rawleigh Med. Co. v. Bane, 218 Iowa 154, 254 N. W. 18; Hawkins v. Burton, 225 Iowa 707, 281 N. W. 342; Jones v. Krambeck, 228 Iowa 138, 290 N. W. 56; Prudential Ins. Co. v. Burns, 223 Iowa 714, 273 N. W. 845; Independent Sch. Dist. v. Hartwick, 226 Iowa 491, 284 N. W. 453.

However, as stated by the appellee "there is only one question in this case, and that is, did the trial court err in refusing to direct a verdict for the defendant on the ground that the claim sued on was barred by the statute of limitations."

The appellant expressed its concurrence in this view thus:

"It is quite clear that we are complaining of the refusal of the court to direct a verdict in defendant's favor. * * * This subdivision of appellee's argument is concerned with the real question in this appeal—whether under the record before it the lower court should have refused to direct a verdict in defendant's favor."

We fully agree with both parties in this matter. Any failure to comply with the rule has in no way burdened either the court or counsel. The error complained of was the real

basis of each assignment, and it was clearly called to the attention of the court and counsel for the appellee, in the first assignment of error, in substantial compliance with Rule 30. While the provisions of the rule are simply and plainly stated, and there ought, ordinarily, to be no excuse or difficulty in fully complying therewith, yet the court is mindful of the fact that this rule and all other rules and statutes pertaining to appellate procedure are to simplify and facilitate appeals to the end that the final hearing may be upon the merits and the errors complained of below and the real issues involved in the appeal. Smith v. Middle States Util. Co., 224 Iowa 151, 275 N. W. 158; In re Estate of Baker, 226 Iowa 1071, 285 N. W. 641; Home Ins. Co. v. Fidelity Ins. Co., 225 Iowa 36, 279 N. W. 425; National Ben. Acc. Assn. v. Murphy, 222 Iowa 98, 269 N. W. 15; Woodard v. Security Ins. Co., 201 Iowa 378, 207 N. W. 351; Hicks v. Modern Woodmen, 203 Iowa 596, 213 N. W. 236; Vance v. Grohe, 223 Iowa 1109, 274 N. W. 902, 116 A. L. R. 332; Baker v. General Am. Life Ins. Co., 222 Iowa 184, 268 N. W. 556; Mason Ladd in XXI Iowa Law Review, 693.

II. Appellant's first assignment of error is based upon the court's refusal to direct a verdict in its favor on three grounds stated in its motion for a directed verdict. These grounds briefly are: (1) that the cause of action did not accrue within five years preceding the commencement of the action and is barred by the statute of limitations; (2) that the demand for performance was not made within a reasonable time nor within said statutory period; (3) this ground while designated laches is, in fact, the same as ground No. 2, and will be given no further consideration.

Appellant seeks to sustain the first ground upon the theory that since the claimed repurchase was to be made at any time, on demand, the cause of action accrued at the time of the making of the agreement, and the statute of limitations began to run at that time. This very question arose in the cases of Smith v. Middle States Utilities Co. of Delaware, 228 Iowa 686, 293 N. W. 59, and Gregg v. Middle States Utilities Co. of Delaware, 228 Iowa 933, 293 N. W. 66. The question is fully discussed in

the last named case, and decided adversely to the contention of the appellant herein, and it is unnecessary to further dwell upon it.

III. Ground No. 2, above stated, was also before us in the case of Smith v. Middle States Utilities Co. of Delaware, supra, and we held that the demand to repurchase must be made within a reasonable time, and noted that our decisions held that unless there were reasons or special circumstances justifying delay, a reasonable time within which to make the demand was coincident with the particular period of statutory limitation within which the action should be commenced. We will therefore not discuss that question, in general, any further. In the Smith case the demand was within the statutory period of limitation, while in this case the demand was not made until eight years after the alleged verbal agreement to repurchase was made. Whenever this question, involved herein, has come before this court it has held that a demand, made after the expiration of the statutory limitation, was made after an unreasonable delay, and the action was held to be barred. See Ball v. Keokuk & N. W. Ry. Co., 62 Iowa 751, 16 N. W. 592, Lovrien v. Oestrich, 214 Iowa 298, 242 N. W. 57. In Reizenstein v. Marquardt, 75 Iowa 294, 39 N. W. 506, 1 L. R. A. 318, 9 Am. St. Rep. 477, the demand for the property was not made until about 10 years after it was placed in the defendant's possession for repair and safe-keeping. There had, during the intervening years, been some negotiations for the purchase of the property by the defendant, and some request by him that the storage continue. Plaintiff and defendant were also intimate and confidential friends. The rule of reasonable time was not applied since it was a tort action, and no action accrued until there was a wrongful conversion, and this conversion occurred when the defendant refused to deliver the property when demanded.

In Reizenstein v. Marquardt, supra [75 Iowa 294, 296, 39 N. W. 506, 507, 1 L. R. A. 318, 9 Am. St. Rep. 477], the rule is stated thus: "* * * *where no cause for delay is shown,* the

time is to be fixed by the statute of limitations." In Mickel v. Walraven, 92 Iowa 423, 429, 60 N. W. 633, 635, we said: " * * * the demand must be made in a reasonable time, and this time, *unless there be some special circumstances shown,* will be fixed in analogy to the statute of limitations." See also Lovrien v. Oestrich, supra. (Italics ours.)

Appellee argues that the circumstances of this case are such as to entitle her to the benefit of the italicized qualifying clauses in the last two quotations. Her counsel cites to us a number of decisions in support of his position. Among them are Grotte v. Rachman, 114 Neb. 284, 207 N. W. 204; Kaplan v. Reid Bros., 104 Cal. App. 268, 285 P. 868; Johnston v. Keefer, 48 Idaho 42, 280 P. 324. It is true that an instrument or obligation may be of the kind in which the maturity date is regarded as indefinitely prospective, and requiring a demand in fact to start the statute of limitations. Such an intention may be apparent from the terms of the instrument or the circumstances of the transaction. See Andrews v. Andrews, 170 Minn. 175, 212 N. W. 408, 213 N. W. 899, 51 A. L. R. 542, and brief in the latter report, 25 Cyc. 1209, 1210; Shapleigh v. Spiro, 141 Miss. 38, 106 So. 209, 44 A. L. R. 393; Vickrey v. Maier, 164 Cal. 384, 129 P. 273; Wood on Limitations (4th Ed.) Section 118; Jameson v. Jameson, 72 Mo. 640; 37 C. J., section 345.

The rule as to the burden of proof on this issue is well stated by Circuit Judge Sanborn, in North American Co. v. St. Louis, etc., R. Co., 288 F. 612, 621, 622. While the rule stated is the equity rule, we see no reason why it should not apply to the same issue in a law action. The court said:

"In the application of the doctrine of laches the settled rule is that courts of equity ordinarily act or refuse to act in analogy to the statute of limitations relating to actions at law of like character. Generally a suit or an application for relief in a court of equity will not be stayed for laches before the expiration of the time, and will be stayed after the expiration of the time fixed by the analogous statute of limitations at law. When such a suit or application is brought within the time of

the analogous statute of limitations, the burden is upon the defendant to show that it would be inequitable to permit it to be maintained on account of unusual circumstances, such as innocent purchasers to be affected and radical changes in the relations and interests of the parties meanwhile. On the other hand, if such a suit or application is brought after the time fixed by the analogous statute of limitations at law, the burden is upon the complainant or petitioner to plead and prove unusual conditions or extraordinary circumstances, which make it inequitable to apply the settled rule and stay the proceedings, notwithstanding the fact that the analogous limitation expired before this suit or application was brought. This case falls in the latter class. The times of the statutory limitations of the analogous actions at law had all expired long before the petitioners presented their applications for intervention, and their petitions ought to be dismissed under the settled rule, unless by pleading and proof they have established preponderant equitable reasons why they should be exempted from its operation. Kelley v. Boettcher, 85 Fed. 55, 62, 29 C. C. A. 14; Ide v. Trorlicht, Duncker & Renard Carpet Co., 115 Fed. 137, 149, 53 C. C. A. 341.''

The burden was upon the appellee to show why the period of the statute of limitations was not a reasonable period in which to make the demand. It is our judgment that she has not sustained this burden. She insists that under the case of Johnston v. Keefer, 48 Ida. 42, 280 P. 324, supra, it will be presumed that she made the demand at the time the statute of limitations expired, and that she had five years from the expiration of the limitation in which to bring her action, and that she brought it within that time. We are not inclined to adopt a rule that such a demand was presumptively made, in the face of proof that it was not then made.

The facts have already been fully set out. There is evidence that certain letters were written to appellee which could not be produced at the trial. It may be that they can be found

and that they would throw some additional light on this particular question. Other facts may be available on the same point. It is our conclusion that the court erred in holding as a matter of law that the demand had been made within a reasonable time and that the statute of limitations had not run its course.

The judgment is reversed and remanded. Other questions not directly passed upon, have been disposed of by our decisions in the Smith and Gregg cases.—Reversed and remanded.

HAMILTON, C. J., and SAGER, STIGER, HALE, MILLER, and OLIVER, JJ., concur.