IN RE ESTATE OF LOUISE BUTTERBRODT.

LOUISE LICHT, Appellee, v. HENRY BUTTERBRODT, Administrator, et al., Appellants.

**EXECUTORS AND ADMINISTRATORS:  Claims—Persons in Family**
1 **Relation.**  The existence of a family relation in a legal sense creates a presumption that services performed in the family by the members thereof were gratuitous; but the fact that a mother "lived in the house" occupied by a daughter and "ate at the same table" does not *per se* establish such family relation.  (See Book of Anno., Vol. 1, Sec. 11957, Anno. 28 *et seq.*)

**APPEAL AND ERROR:  Assignments of Error—Blanket Assignment.**
2 A general blanket assignment of error, to the effect that the court erred in overruling an eight-pointed motion for a new trial, will not be reviewed.  (See Book of Anno., Vol. 1, Sec. 12869, Anno. 34 *et seq.*)

Headnote 1:  24 C. J. pp. 281, 282.  Headnote 2:  3 C. J. p. 1391.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

APRIL 6, 1926.

ACTION to establish a claim against the estate, which was allowed by the jury. The objectors appeal.—*Affirmed.*

*Geiger & Geiger* and *J. C. France,* for Henry Butterbrodt, Fred Butterbrodt, and William Butterbrodt, appellants.

*Johnson, Donnelly & Lynch,* for appellee.

*Arthur Lund,* Administrator, *pro se.*

ALBERT, J.—Louise Licht filed a claim in this estate for services in the amount of $2,824. The administrator of the estate answered the claim, admitting that it was just and unpaid, and that there was an understanding and arrangement whereby claimant was to receive compensation for the services performed, and that claimant was entitled to reasonable compensation for said services, and asked that the reasonable value thereof be determined by the court. The three sons of the deceased appeared at this point in the proceedings, and moved to strike the answer of the administrator on various grounds, and the court sustained the motion and struck the answer. Just what right the heirs in an estate have to thus appear and contest a claim, we will not stop to determine, as the question is not raised in the case.

A full statement of the testimony is not necessary to the questions raised on this appeal. Suffice it to say that Henry Butterbrodt, Sr., and Louise Butterbrodt were husband and wife. He died about the year 1909. His wife, Louise, died on May 10, 1924. At the time the husband died, they were residing in the town of Lowden. He left surviving him six grown children, three boys and three girls. One of the daughters, the claimant herein, was married to A. H. Licht, and they lived a few doors from the residence of the parents. On the death of Henry Butterbrodt, there was a room fitted up for Louise, his wife, in the home of the Lichts, where she resided until her death. By certain provisions in her husband's will, she had a

small income each year, which was deposited to her credit in the bank. At her death, her estate amounted to approximately $5,000. While she continued, during all of this time, to live with the Lichts, in the summer time she spent two or three months with her other children, who were not residents of Lowden. She was about 68 years of age when her husband died, and 83 years of age when she died. She was apparently afflicted with the weaknesses of advancing years, and suffered from cancer of the breast for a number of years prior to her death. She received the care and attention of the Lichts during all of this time, boarding and lodging with them, and it is admitted that they never received any payment therefor. Licht, the husband, assigned whatever rights he had in this claim to his wife, the claimant herein.

In the trial of the case, Licht, among other things, testified that he heard the conversation in 1909 between his wife and his mother-in-law with regard to the care and compensation for taking care of the deceased. This conversation occurred at the home of the Lichts, at the time Licht had collected certain rent money and deposited it in the bank for the deceased. On cross-examination, the witness said:

"When the rent was paid, I always told her about it, and she would say that she wanted Louise to have the rent."

A motion was then made to strike this purported conversation between Mrs. Butterbrodt and Licht, for the reason that it was violative of Section 11257, Code of 1924. Later, the claimant, Mrs. Licht, testified to a conversation had at the same time, in which she says she took no part. The conversation was between her mother and her husband, and covered about the same subject-matter. Thereafter, a motion was made to strike the testimony of both Licht and his wife, on the ground that it was in violation of the aforesaid section of the statute.

If the appellant be given the full benefit of all he claims about the testimony of these two witnesses, there was a conflict between them; and, this being so, the court was not in a position to determine this conflict; and the motion to strike was properly overruled. In view of the conflict in the testimony, the objectors would have been entitled to an instruction covering

the question, had they asked for it; but, not having so asked, they are not now in a position to complain.

They asked an instruction embodying the doctrine of family relationship between Louise Butterbrodt and the Lichts at the time the services are claimed to have been rendered, which was refused. In the testimony of Licht, he was asked this question:

"During all of the time from 1909 until her decease, she was a member of your family?"

He answered:

"Yes, sir. She lived at our house, ate at the table with the rest of the family—the same as the rest of the family."

The claimant herein, Louise Licht, in her testimony, does not make any such a statement. On the record thus made, the court was asked to say to the jury that:

"The evidence in this case establishes that a family relationship existed between Louise Butterbrodt and Mr. and Mrs. Licht at the time when the services claimed for are alleged to have been rendered," etc.

Were the other part of the requested instruction a proper statement of the law, this statement alone would warrant the court in refusing the instruction. The terms "living in" or "being a member of the family" are terms

1. EXECUTORS AND ADMINISTRA-TORS: claims: persons in family relation.

which are susceptible of entirely different meaning, when used by a layman, than when used in the law; and the fact that this witness made the answer he did in response to the above question would not warrant the court in saying to the jury that the evidence established that a family relationship existed, etc. More than this, while the rule was not stated in words that, if the family relationship was proven, there would then arise a presumption that the services were gratuitous, the whole trend of the instructions was as favorable to the objectors as they could ask. The instructions tell the jury that, if the claimant has established by a preponderance of evidence that there was an expectation on the part of the deceased that claimant should be paid for such services, and that there was a corresponding expectation on the part of the persons performing the service that they

were to be paid, then the claimant would be entitled to recover. This is reiterated several times in the instructions, and in fact gives full force and effect and recognition to the question of the gratuitous service. As a matter of fact, where the family relationship does exist, as contemplated by law, the gratuity of the service is presumed; and thereby and for that reason there is imposed upon the claimant the burden of proving an expectation on the part of the decedent to make payment for the services, and expectation on the part of claimant that payment will be made. When this condition exists as to the presumption of gratuity, it gives rise to and places upon the claimant the burden of showing this mutual expectation. This being true, and the court having properly stated the rule as to mutual expectation, it was not called upon to set out to the jury the foundation on which that rule rested. The court, therefore, did not err in refusing the requested instruction.

It is further urged that the court erred in overruling objectors' motion for a new trial. As said motion consists of eight grounds, and appellant has not called to our attention any specific one of the grounds to which he objects, an omnibus assignment of this kind will not be reviewed.

2. APPEAL AND ERROR: assignments of error: blanket assignment.

It is further urged that there is no evidence in the record from which a jury might determine that there was any expectation on the part of claimant or her husband that they should receive compensation for the board and care furnished, and also that there was no competent evidence in the record from which the jury could determine that the decedent expected to pay for the services rendered. We have read the record with care, and feel that there was sufficient evidence on both of these questions to take them to the jury.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.