RYAN BROS. et al., Appellees, v. LYDIA F. RATE et al., Appellants.

**APPEAL AND ERROR:** Assignment of Errors—Reason or Basis of
1   **Point Raised.** An assignment of error must (1) state the point or proposition which the party seeks to present to the court and (2) the reason or basis therefor. (See Book of Anno., Vol. 1, Sec. 12869, Anno. 28 *et seq.*)

**APPEAL AND ERROR:** Assignment of Errors—Excessive Verdict. An
2   assignment to the effect that the amount of the verdict is excessive and contrary to the instructions is sufficient.

**Headnote 1:** 3 C. J. pp. 1357, 1359, 1362. **Headnote 2:** 3 C. J. pp. 1383, 1384.

*Appeal from Cedar District Court.*—F. L. ANDERSON, Judge.

APRIL 5, 1927.

REHEARING DENIED JULY 1, 1927.

Action to recover damages on an injunction bond. From a judgment entered on the verdict in favor of plaintiffs defendants appeal.—*Modified and affirmed.*

*C. O. Boling* and *Byington & Rate,* for appellants.

*Johnson, Donnelly & Lynch,* for appellees.

ALBERT, J.—Lydia F. Rate was the owner of approximately 360 acres of land in Cedar County. On the 26th day of September, 1922, a lease was signed between her and the appellees herein for said land, for a term commencing March 1, 1923, and ending March 1, 1924. In April, 1923, she instituted an action against these tenants, in which she alleged certain violations of the terms of the lease by the tenants, and asked for damages for plowing up sod on said land, and an injunction restraining the tenants from planting certain crops on certain parts of the land. A temporary injunction was issued, under this proceeding, on the 23d day of April, and served accordingly. On the 28th day of April, on motion, this temporary injunction was dissolved, and on the same day the Ryans, appellees, filed an answer and counterclaim. In October, 1923, appellants amended their petition, alleging damages for certain other alleged violations of the terms of the lease. On the same day, appellees amended their answer and counterclaim, setting up certain other matters. The case was then tried, the trial resulting in a decree in favor of the tenants, appellees. Later, appellees, the tenants, instituted this action on the bond given in the injunction proceedings, praying for damages, for $250 attorney's fees, for $100 for time and expense incurred by them in the trial of the injunction case, and for $150 for damages because of the injunction, in preventing the appellees from putting in their crops and interfering with their spring work. Appellants herein answered, admitting the injunction proceedings, the dissolution of the temporary writ on the 28th day of April, and the final decree in that proceeding against Lydia F. Rate; denied her indebtedness to the appellees herein. By way of amendment to her answer and counterclaim, Lydia F. Rate pleads different items of the counterclaim in three counts.

To this amended answer and counterclaim, a reply was filed to the counterclaim, in which it is set up, among other things, that the items now claimed for damages were included in and were a part of the damages alleged by appellant, Lydia F. Rate, in the original action, and that, therefore, as to these matters, they were adjudicated by the decree entered in that action. The case went to trial, resulting in a verdict of the jury in favor

of Ryan Brothers for $300, on which judgment was entered, after the court had overruled a motion for a new trial. Hence this appeal.

There is not much properly before this court that we can consider. Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. Omnibus errors will not be considered, but will be disregarded. Among the numerous cases so holding are *Town of Waukon v. Strouse,* 74 Iowa 547; *Guyer & Hoshaw v. Minnesota Thresher Mfg. Co.,* 97 Iowa 132; *Holt v. Doty,* 193 Iowa 582; *Reynolds v. Chehak,* 199 Iowa 561. The thought is that, in assigning these points or errors, the assignment must not only state the points, but the reason or basis for the complaint.

1. APPEAL AND ERROR: assignment of errors: reason or basis of point raised.

The first seven errors assigned by appellants for reversal fail to comply with the requirements of our rules.

The eighth error is that the amount of the verdict is excessive, and contrary to the instructions to the jury. We think this sufficiently raises this question, and is deserving of attention.

The court submitted to the jury two questions: (1) What amount the appellees should be allowed for attorney's fees in the dissolution of the temporary injunction; and (2) the amount they should be allowed for their loss of time. There was no evidence in the case of any expenditures by them otherwise. The evidence nowhere contains anything that will support the verdict of the jury in this case. When the testimony is taken in its most favorable light, the highest amount fixed by any witness in the case for attorney's fees in the dissolution of the temporary injunction was $150; and appellees' own testimony shows that the two brothers each lost two days in relation to the hearing on the motion to dissolve the temporary injunction, and that their time was worth $10 a day, making $40 in all. Under this record, we feel that this verdict is excessive, and the same should be reduced to $190; and it is so ordered.

2. APPEAL AND ERROR: assignment of errors: excessive verdict.

We might say in passing, however, that we have read the record in the case, and are satisfied that the case was otherwise fairly tried and submitted.

The costs of this appeal will be ordered apportioned one

half to the appellants and one half to appellees.—*Modified and affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.