CALVIN CROUCH, Appellee, v. NATIONAL LIVESTOCK REMEDY COMPANY et al., Appellants.

No. 40063.

JUNE 23, 1930.

REHEARING DENIED SEPTEMBER 22, 1930.

*Martin & Alexander* and *C. E. Carpenter,* for appellants.

*F. J. Lund* and *George D. Thompson,* for appellee.

ALBERT, J.—This is the second appeal in this case, the opinion in the former appeal being found in 205 Iowa 51. Certain questions were settled in the former opinion which are  reargued on this submission. It is a well-known rule of this court that, under such circumstances, the points decided in the first opinion are the law of the case for all time, and will not again be reviewed by us. In the former opinion we held that the evidence was sufficient to take the case to the jury, and also sufficient therefor on the question of proximate cause. The appellants set out 61 points for reversal; but, as very few of them comply with the rules of this court, we will only give attention to those in which the rules have been observed.

The general fact situation was quite fully set out in the former opinion, and we need not reiterate the same here.

Objections were made to certain lines of testimony, which were overruled. These objections were, in general terms, "incompetent, irrelevant, and immaterial;" and the former opinion in this case holds that such objections were not sufficient to raise the question for review in this case. We have, however, given attention to them, and find no error in the ruling of the court.

Certain objections were made to the testimony of experts, which were overruled, and a review of this testimony also shows that there was no error in the rulings of the court.

Reference is made to certain motions to direct a verdict and in arrest of judgment, and also a motion for a new trial. These points relied upon are not specific, as required by our rules. For illustration, the sixtieth point reads as follows:

"The court erred in overruling each of the other assignments of said motion (for a new trial) from two to thirteen, inclusive, for the reasons stated therein, and for each of the reasons stated therein."

This in no way complies with our rules, and therefore receives no attention at our hands.

Among the instructions given by the court is one, No. 11, in part reading as follows:

"The ultimate weight which is to be given to the testimony of an expert is a question to be determined by the jury, and there is no rule of law which requires you to surrender your judgment to that of any person testifying as an expert witness, or to give controlling effect to expert testimony. You are to reach your conclusions from the consideration of the whole of the evidence, including the opinions and testimony of the experts, and also the substantive facts deposed to by all the witnesses, whether expert or nonexpert, and you are not to surrender your conclusions from the whole of the evidence, but your conclusions so found should determine what your verdict shall be."

Against this instruction three objections were lodged: (1) That by said instruction the jury was permitted to exclude the testimony of experts and to base its determination of facts in the case and to minimize the effect of expert testimony offered by the defendant by permitting the jury to throw it aside and to found their verdict upon their own judgment as to the effect of the drugs administered to the hogs in question; (2) that it leaves the jury to determine by expert knowledge the character of the powder sold by the defendants to the plaintiff, while it is evident upon the face of the record that the jury had no knowledge of the character of the powder so sold, outside of that furnished by the experts; (3) that the ingredients of the powder fed to the hogs in question must be scientifically determined, such ingredients and the effect of their use not being a matter of common knowledge.

The above instruction is practically a duplicate of an instruction given in the case of *Moore v. Chicago, R. I. & P. R. Co.*, 151 Iowa 353, 359. The same assault was made on that instruction in the *Moore* case as is made in the case at bar, but the complaint there lodged was overruled. The same doctrine is reannounced in the case of *Fowle v. Parsons*, 160 Iowa 454, and this identical instruction was again approved by this court in *In re Estate of Stryker*, 191 Iowa 64. Having thus committed ourselves to the correctness of this instruction, we can but follow precedent, and hold that it is correct, as against the assaults here made against it. Further than this, it may be said, in passing, that both sides used experts in this case, and, as there was a conflict in the testimony of these experts, the question was, therefore, a jury question.

Complaint is also made as to certain evidence introduced, showing that some of these hogs had been exhibited at the county fair. While such evidence is not very material, it could work no prejudice.

Complaint is also made that the plaintiff, in feeding this powder to the hogs, made no measurements of the amounts used. In his testimony, he states that he fed it according to directions; but whether or not he did so was a question for the jury.

Complaint is also made as to the qualifications of experts to give expert testimony, but we think the evidence shows that each qualified in accordance with the requirements of the law.

Appellants also insist that the evidence was not sufficient to carry the case to the jury. As heretofore suggested, the substance of the holding in the former opinion in this case was that there was a jury question, and the present case in this respect is somewhat stronger in some material parts than was the original case.

Aside from the points herein referred to, none of the other points relied upon for reversal are specifically set out, as is required by our rules, and therefore we give them no further attention.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.