RUTH HUMPHREY, Plaintiff, Appellee, v. CITY OF MUSCATINE, Defendant, Appellant.

No. 42332.

MARCH 6, 1934.

Harvey Allbee, City Attorney, and C. H. Fishburn, for appellant.

C. J. Rosenberger, and Ottesen, Doerr & Weise, for appellee.

KINDIG, J.—On June 22, 1930, at about 4:30 in the afternoon, Ruth Humphrey, the plaintiff-appellee, was injured in Muscatine (the defendant-appellant) when she stepped from an automobile and walked across the parking along Second street, where she tripped over a stop box or pipe adjacent to the cement sidewalk, and fell. When falling, the appellee received severe injuries. To recover damages from the appellant for those injuries, the appellee commenced the present action at law. A jury returned a verdict in her favor, and assessed damages against the appellant in the sum of $725. Thereupon the district court entered judgment against the appellant in the appellee's favor. From that judgment the appellant appeals.

I. It is argued by the appellant that the district court erred in refusing to submit to the jury two instructions requested by it. The one instruction relates to the appellee's contributory negligence; and the other has to do with the right of the city to utilize the parking for legitimate purposes, including the maintenance of stop boxes therein.

These requested instructions were refused by the district court. As a matter of fact, in the instructions actually given, the district court, so far as material, embodied the thought contained in the requested instructions. In any event, the appellant is not entitled to a reversal on the errors assigned because no proper exception was taken to the ruling of the district court. Section 11495 of the 1931 Code provides:

"Any party may take and file exceptions to the instructions of the court, or any part of the instructions given, or to the refusal to give any instructions as requested, within five days after the verdict in the cause is filed or within such further time as the court

may allow, and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, *or of the instructions requested and refused and the grounds of such exceptions.*" (Italics supplied.)

This statute was not complied with by the appellant in the case at bar. Nowhere does it appear that the appellant set forth the grounds of its exception to the ruling of the district court in refusing to give the requested instructions. On the other hand, the appellant merely excepted to the action of the district court in refusing to give the instructions. When so doing, as before indicated, the appellant did not specify the grounds for such exception. Without such specification, there is no basis on which to assign an error because the district court refused to give the requested instructions. Duncan v. Rhomberg et al., 212 Iowa 389, local citation 404, 405, 236 N. W. 638; Anthony v. O'Brien, 188 Iowa 802, local citation 804, 805, 175 N. W. 750.

II. Many other propositions are argued by the appellant, but there is no basis in the record for such arguments. Before the appellant can argue a proposition, it is necessary for it to lay the essential foundation therefor. The manner in which such foundation must be laid is definitely outlined by the statutes of Iowa and the rules of this court. Unless such statutes and rules have been substantially complied with, the basis for an argument has not been laid. There is no basis in the record for the arguments mentioned because the appellant has not set forth the grounds for a reversal, as required by the rules above indicated. Brenton v. Lewiston, 213 Iowa 227, local citation 231, 236 N. W. 28; Duncan v. Rhomberg, supra; In re Estate of Work, 212 Iowa 31, local citation 34, 233 N. W. 28; Oestereich v. Leslie, 212 Iowa 105, local citation 116, 234 N. W. 229; Crouch v. National Livestock Remedy Co., 210 Iowa 849, local citation 851, 231 N. W. 323; Morrow v. Downing, 210 Iowa 1195, 232 N. W. 483; Bodholdt v. Townsend, 208 Iowa 1350, 227 N. W. 404.

Moreover, the entire record has been carefully read, and we have found no rulings made at the trial of which the appellant can justly complain.

Wherefore the judgment of the district court must be, and hereby is, affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.