P. F. DRAVIS, Appellee, v. CHARLEY C. SAWYER et al., Appellants.

No. 42259.

May 15, 1934.

Rehearing Denied September 27, 1934.

Elmer F. Pieper, for appellants.

H. Haehlen, for appellee.

Donegan, J.—P. F. Dravis, the appellee in this case, was the owner of a brick building in the city of Waukon, Allamakee county, Iowa, and Charley C. Sawyer, Lyle R. Sawyer, Dora E. Sawyer, Donald W. Sawyer, and Mrs. Earnest Gould, the appellants herein, were the owners of a brick building adjoining the building owned by Dravis on the south. The land and building owned by the Sawyers, and the land adjoining this building to the north thereof, had formerly been the property of the same owner. The deeds of conveyance by this common owner gave to the owner of the Dravis property the right to use and to attach his building to the brick wall on the north side of the Sawyer building. This right was exercised

by Dravis and a building erected by him was attached to the north wall of the Sawyer building and such wall used as the south wall of the Dravis building. The roof of the Dravis building was approximately five feet higher than the roof of the Sawyer building, and the wall on the north side of the Sawyer building was built up even with the south end of the roof of the Dravis building. The west wall of the Dravis building met the north wall of the Sawyer building about two feet east of the northwest corner of said Sawyer building. The roof of the Dravis building drained to the south, and Dravis built a gutter on the top of the north wall of the Sawyer building which drained the water from his roof to the west to where the west wall of the Dravis building intersected the north wall of the Sawyer building, and from this point the water was carried by a down spout in the corner made by the junction of these two walls. The water from the roof of the Sawyer building was drained to the south and west.

In January, 1930, Dravis, as plaintiff, brought an action against the appellants, as defendants, and in his petition and amendment thereto alleged, in substance, that the defendants had allowed the flashing along the edge of their roof, where it joined the north wall, to become out of repair so that the surface water on said roof seeped through the joint wall between said buildings and damaged the paint, wall paper, and decorations upon the walls, and the ceilings and floors in plaintiff's south rooms, and also caused damage to flour and sugar belonging to plaintiff which were stored near the south wall of his building. The defendants in their answer denied the allegations of plaintiff's petition, and in a counterclaim filed by them they alleged that the water from the Dravis building, which was drained in the gutter along the top of the north wall of their building, was discharged through the down spout in the corner of the intersection of the north wall of their building and the west wall of the plaintiff's building, that the down spout was of insufficient size and out of repair and caused the water to flow down along the north side of their wall, that ice was frequently formed on said wall, and that said wall was damaged thereby. Trial was had to a jury, which returned a verdict for the plaintiff in the sum of $71.40. Upon the trial the defendants filed a motion for a directed verdict in their favor, and after the verdict had been rendered they filed exceptions to instructions and motion for new trial. These motions and exceptions having been overruled, defendants appealed.

█ At the outset, we are met with a difficulty which arises because of the failure of appellants to observe the provisions of the statutes and our rules in regard to setting out the errors relied upon for reversal. Appellants have not set out a specific statement of the errors relied upon for reversal. Under the heading, "Brief Points and Propositions," appellants set out in twenty-nine separately numbered paragraphs what they apparently desire this court to consider on this appeal. Brief points and propositions 3, 5, 6, and 7 are typical of nearly all the brief points and propositions set out by appellants, and are as follows:

"3. Evidence of placing compo board in this building is incompetent. It was introduced over the objection and timely objection of defendants."

"5. According to plaintiff's own testimony damage which he claims was done to his property was caused by the water from his own roof and defendants can not be held responsible therefor (Abs. 44, L. 33-35), (Abs. 45, L. 1-36).

"6. Plaintiff's evidence as to damage is so indefinite, uncertain and speculative that the court should have directed a verdict in favor of defendants so far as plaintiff's damage is concerned.

"7. When the element of damage is so uncertain and indefinite that the jury must speculate with reference to same, it is the duty of the court to direct a verdict and not permit such speculation."

This is a law action. In Central Trust Co. v. City of Des Moines, 204 Iowa 678, 216 N. W. 41, we said:

"This court reviews the proceedings of the trial court in an action at law for the single purpose of correcting errors. Error is not presumed. It devolves upon the appellant to point out the rulings which he claims to have been erroneous as matter of law. It must appear that proper objections and exceptions were taken. The ruling must be prejudicial. The assignments of error serve the purpose of a bill of complaint. The appellee is interested in sustaining the judgment and the rulings upon which it is based, and is entitled to know wherein the appellant claims that the trial court erred in order that he may intelligently present his case and endeavor to sustain the judgment in his favor. It is not for the court to search the record for error, or to determine merely abstract propositions of law. It is only as the propositions of law are applicable to the rulings of the trial court that this court should con-

sider them. The court is not limited to the arguments produced by the respective parties, but the court ought not to search for errors in rulings which the appellant refrains from pointing out. The appellant here makes no application of any of its propositions to any of the rulings or grounds of its overruled motions in the trial court. We are again called on to say that such a blanket assignment of errors points out no ruling for us to review or error to correct." (Cases cited.)

We have recently had occasion, in the case of Humphrey v. City of Muscatine, 217 Iowa 795, 253 N. W. 57, and again in W. T. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18, to call the attention of the bar to the necessity of complying with the statutes of Iowa and the rules of this court, in order to present to this court the errors upon which it is asked to reverse. As stated in Ryan Brothers v. Rate, 203 Iowa 1253, 213 N. W. 218:

"Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. Omnibus errors will not be considered, but will be disregarded. (Citing cases.) The thought is that in assigning these points or errors it [the assignment] must not only state the points, but the reason or basis for the complaint."

Rule 30 of this court requires the brief of appellant to contain a short and brief statement of the errors relied upon for reversal and, as explained in a note which is a part of said rule, contemplates that the statement of error *shall be complete* in itself and that *each ruling* of the court deemed by appellant to be erroneous and reversible shall be set forth in clear, concise, and definite language sufficiently full and *specific to apprise the court of the ruling complained of* and of the *particular or particulars in which and for, what reason it is claimed to be erroneous.*

In all except seven of the so-called brief points and propositions set out in appellants' brief and argument, there is such a complete failure to comply with the requirements of the statutes and Rule 30 that we are unable to give them any consideration. It is not the desire or intention of this court, however, to deprive parties of a hearing merely because of the unskillful manner in which the errors upon which they seek a reversal have been set forth, and, even though the remaining brief points and propositions set out by the appellants fall far short of a compliance with good practice and the matters

contemplated by the rule, we are reluctant to dismiss them without consideration, inasmuch as it seems possible to gather therefrom the things which appellants claim constitute errors and the reasons they are claimed to be erroneous.

Number 1 of the brief points and propositions set out by appellants is as follows:

"1. Only allegations of Petitions and Amendment thereto with reference to damages to building are as follows:

"Abs. 2, L. 32-35. 'Causing damage to the plaintiff's wall and paper thereon * * *, all of which has damaged plaintiff in the sum of $400.00.'

"Abs. 4, L. 29-35. 'The rain and melted snow falling on the roof of defendants' building herein named did seep through the joint wall between said buildings damaging the paint, wall paper and decorations on the walls and ceilings of the rooms in plaintiff's building and the floors in said rooms and plaintiff was damaged thereby in the sum of $350.00.'

"Where can we find a scintilla of evidence as to the amount of claimed damages to the items set out in the Petition and Amendment thereto? There is none, and the court should not have permitted the jury to have passed upon this phase of the case."

There was evidence as to damage to plastering and wall paper on the south wall of plaintiff's building. And there was further evidence that, in order to obviate the continued injury to plastering and wall paper, the plaintiff placed sheet rock or plaster board along the south wall, which was separated from the surface of the wall by wooden strips about an inch thick. The court in its instructions submitted to the jury the question of the damage done to the surface of the south wall and instructed it that it should allow plaintiff "such reasonable amount as represents the cost of fixing the inside surface of the south wall of his building so as to place it in as good condition as it was immediately before the injury thereto." We think the jury could have found from the evidence that it was necessary and proper to place this plaster board along the south wall in order to remedy the damage done by the water to the wall paper and plastering, and to prevent a recurrence of damage; and that the court did not err in referring in its instructions to the sur-

face of the south wall and to the damage which the jury might find in connection therewith.

. In brief point and proposition No. 2 appellants state:

"Plaintiff claims five or six sacks of sugar were damaged to the extent of one-half its value, but there is not a scintilla of evidence in this record to show how many pounds of sugar were in each of these sacks, and, certainly, no amount of damage could be reached under these circumstances, and, yet, the court allowed the jury to pass upon this question."

The plaintiff in his testimony stated that five or six sacks of sugar were damaged, and when asked the value of the sugar he stated that it was worth about $6.25 a hundred. It is true the record does not show how many pounds of sugar were contained in each of the five or six sacks that were alleged to have been damaged, but we think the manner in which the evidence was introduced and the circumstances surrounding it were such that the inference might be drawn therefrom that each of the sacks of sugar that were damaged contained one hundred pounds.

In their fourth brief point and proposition the appellants allege that there is no substantive proof as to the amount of damage to the surface of the south wall and that it was error to permit the jury to pass on that question. As we have already seen in considering brief point and proposition 1, there was evidence as to damage to paper and plastering and the remedying of the damage done by the use of plaster board along said south wall. The evidence showed the amount expended in placing such plaster board along said wall. As to this amount at least there was evidence for the jury. Whether the jury should have been limited in its finding to the amount shown to have been expended in placing such plaster board, we cannot determine; because such question is not properly raised by the proposition presented.

Again, in brief point and proposition 22, appellants complain of the instruction given by the court in reference to injuries to the inside surface of the south wall, and allege that there was no proof as to the injury to the inside surface of the south wall, and that the giving of such instruction was error. As already stated, we think the evidence was sufficient to show that there was damage to the inside surface of the wall and that there was no error on the part of the court in submitting this question to the jury.

In brief point and proposition 25, complaint is made of the instruction of the court which told the jury to allow the plaintiff such a reasonable amount as represents the cost of fixing the inside surface of the wall of his building, and it is alleged that this was error, because the evidence shows that the wall between the property of plaintiff and defendant never became a joint or party wall. Whether the wall was or was not a joint or party wall, we need not determine. The evidence was sufficient to show that the plaintiff had a right to attach his building to it and to use it as the south wall of his property, and the fact that he was not the owner of the wall did not prevent him from recovering damages if water from appellants' building was through appellants' fault allowed to seep through and injure his property.

In brief point and proposition 26, it is said that the petition asked damages to plaintiff's wall and paper thereon, and the amendment asked damages for paint, wall paper, and decorations on the wall and ceilings, and that the court's instructions charged the jury that the plaintiff's claim is for "damages caused to the inside surface of the south wall of his building." This is claimed to be error, because, appellants allege, there was no evidence introduced on behalf of the plaintiff as to any definite damage to paint, paper, and wall decorations, and plaintiff did not own any interest in the wall and could not recover any damage thereto. What we have already said is sufficient to show that there was no error on the part of the court in referring to the surface of the south wall, and the evidence in regard to damage to the paper and plastering was sufficient to show damage to the surface of this wall.

Brief point and proposition 27 of the appellants is as follows:

"In paragraph 4 of the court's charge to the jury the same misstatement of the issue was emphasized where the court told the jury that among other things, in order to find for plaintiff they must find:

" 'The injuries to the "inside surface" to the south wall of plaintiff's building * * * and that such damage was caused at the time and place and in the manner stated in paragraph 1 of these instructions.

" 'That the defendants permitted the water, snow and ice * * * to come through the wall and injure the "inside surface" of plaintiff's building * * *.

" 'The amount of damage, if any, which plaintiff has sustained.'

"No limitation of time placed in paragraph 1 of court's instructions so as to cover the question of statute of limitations."

As will be seen from the above, the complaint is that no limitation of time is placed in paragraph 1 of the court's instructions. Paragraph 1 of the court's instructions merely sets out the claims made by the plaintiff in his pleadings. Neither the petition nor amendment to petition contained any reference to the statute of limitations. The amendment to the petition alleged that the damages took place between the year 1926 and the time of filing plaintiff's petition. The petition was filed on January 3, 1930. There was nothing in the pleading or amendment thereto which would raise the question of the statute of limitations. There was no occasion, therefore, for the court, in stating the claims made by the plaintiff in his pleadings, to make any reference to the statute of limitations. Whether such reference should have been made in other instructions given by the trial court, we need not and cannot determine, because this question is not presented to us by the brief points and propositions of the appellants.

In the foregoing we have discussed all of the brief points and propositions of appellants which, in our opinion, could be said to present a sufficient statement of errors relied upon for reversal to warrant consideration by this court. As already said, none of the other brief points and propositions show a sufficient compliance with the statutes and rules of the court to justify their consideration.

We find no error in the matters which we have considered, and the judgment of the trial court is, therefore, affirmed.—Affirmed.

CLAUSSEN, C. J., and all Justices concur.