L. V. RUSSELL, Receiver, Appellee, v. FRANK PETERS, Appellant, GARLAND & CLARK, Appellee on Cross-petition.

No. 42779.

MARCH 5, 1935.

S. Trevarthen, for appellant.

R. K. Craft, for appellee.

Harry Wifvat, for appellee on cross-petition.

DONEGAN, J.—The petition filed by the plaintiff in this case alleged that he was the receiver of a farm consisting of 160 acres; that he leased this farm to the defendant under written lease for the year March 1, 1931, to March 1, 1932, and also under another written lease for the year March 1, 1932, to March 1, 1933; that both of said leases provided that the defendant deliver one-half of the crop to him as the landlord's share of the rent; that the defendant failed and neglected to deliver one-half of the crop as agreed; and that the reasonable rental value was $2,000, of which $515.76 had been paid, leaving a balance of $1,484.24 for which plaintiff asked judgment and for a landlord's writ of attachment. The defendant in his answer admitted the execution of the leases; denied that he neglected or refused to deliver one-half of the crop; alleged that one-half of the crop was stored for plaintiff, and, if disposed of, this was without the knowledge and consent of defendant. For further answer defendant alleged that he had been adjudged a bankrupt and had received his discharge in the bankruptcy court; that plaintiff had filed his claims in the bankruptcy court; that the bankruptcy court had rejected all assets of defendant as burdensome, and had ordered all such assets, including the attached property, turned back to the defendant; that plaintiff had filed objections to the discharge of defendant in bankruptcy, and, upon hearing in said court and appeal to the United States

District Court, such objections were overruled and a discharge in bankruptcy issued to defendant.

Defendant also filed a counterclaim alleging that, after the assets of his estate in bankruptcy had been returned to him by the bankruptcy court, he delivered 1,842 bushels of corn to the elevator of Garland & Clark, where it was stored but not sold; that there-after, the plaintiff converted said corn to his own use and sold it to Garland & Clark, and received therefor the sum of $516.76, which is the property of the defendant, for which he asked judgment. In a second count of said counterclaim defendant prayed for judgment for the value of said corn at the market price of 45 cents per bushel. To this answer and counterclaim the plaintiff filed a reply which denied the allegations of the counterclaim, alleged that during the crop year 1931 defendant raised 2,637 bushels of corn, 2,345 bushels of oats, and 20 acres of soy beans; that during the crop season of 1932 he raised 2,784 bushels of corn, 2,600 bushels of oats, and 20 acres of soy beans on the leased premises; that he sold the 1931 crop of corn and appropriated the proceeds therefrom and fed the oats and hay; that he fed the oats and hay crop for the year 1932 without the consent of plaintiff and with the intent of defrauding the plaintiff; that the sale of the crop and the feeding of same by defendant was a malicious injury within the meaning of the bankruptcy act; and that the debt sued on was created by fraud and is not dischargeable in bankruptcy. By agreement the case was tried to the court without a jury. The court found the plaintiff entitled to retain the $514 collected from Garland & Clark, entered judgment against the defendant for the sum of $1,230.30 with interest, attorney's fees, and costs, and ordered that a special execution issue for the sale of the attached property and that a general execution issue for the balance of said judgment. From this judgment defendant appeals.

At the outset, we feel constrained to call attention to appellant's failure to comply with the provisions of Rule 30 of this court, in regard to the statement of errors relied upon for reversal. The provisions of this rule have been called to the attention of attorneys so repeatedly that it is difficult to understand why they still persist in ignoring its requirements. Humphrey v. City of Muscatine, 217 Iowa 795, 253 N. W. 57; W. T. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18; Dravis v. Sawyer, 218 Iowa 742, 254 N. W. 920; Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W.

218; Central Trust Company v. City of Des Moines, 204 Iowa 678, 216 N. W. 41.

It may be urged by appellant that, notwithstanding the failure of appellants to comply with the requirements of Rule 30, we have frequently proceeded to consider appeals upon their merits, and that we should not, therefore, refuse to consider the merits of this appeal. A sufficient answer to this argument is found in Dailey v. Standard Oil Co., 213 Iowa 244, 235 N. W. 756, wherein we said:

"Our attention has been called to a number of cases in which we have held that statements of error relied upon for reversal were not sufficiently specific to comply with our rules, and have added that, notwithstanding this, 'we have read the record and found no error'. A reading of these cases, however, will show that they were always followed by an affirmance, and we have yet to have our attention called to any case where, after having held the statement of errors relied upon insufficient, we have reversed." See, also, W. T. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18.

Even if consideration be. given to appellant's statement of errors relied upon for reversal, we find no question sufficiently presented to this court to justify a reversal. Practically his whole defense to appellee's cause of action was based upon his contention that the debt for which appellee sued was barred by appellant's discharge in the bankruptcy court. Appellee met this contention by claiming that the debt sued on was for malicious injury to his property· which was caused by the fraud of the appellant, and that, under the provisions of the bankruptcy act, such a debt is not dischargeable in bankruptcy.

As this case is a law action and was tried to the court below, the findings of the trial court as to matters of fact are binding upon this court. The evidence before the trial court was such that it could find therefrom that the landlord's share of the crop was harvested and segregated by the defendant; that the defendant had fed the landlord's share of the crop, but had hauled his own share and had it stored in the elevator of Garland & Clark; and that defendant stated under oath that he did not intend that the receiver (the landlord) should get any of the rents from the place for either year. The evidence further shows that a large part of the corn crop for the year 1931 was, if not with the defendant's consent, at least, without any objection and with some assistance from him, taken from his

premises where it had been stored, by the holder of a chattel mortgage thereon which had been given by the defendant, without the knowledge of and without any notice to plaintiff, notwithstanding the fact that the plaintiff, as landlord, had a lien upon all the crops raised upon the premises. Under this evidence, we think the trial court had support for its finding that the debt sued upon was for malicious injury to plaintiff's property and was not barred by the defendant's discharge in the bankruptcy court. Section 17 (2) Bankruptcy Act, 11 USCA, section 35 (2); Bever v. Swecker, 138 Iowa 721, 116 N. W. 704.

We find no reason for reversing the judgment of the trial court, and it is, therefore, affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.