IN RE ESTATE OF JOHN LUNOW.

FARMERS SAVINGS BANK of Bennett et al., Claimants, Appellants, v. MARIE LUNOW, Executrix, Appellee.

No. 42863.

JUNE 21, 1935

F. J. Casterline & Son, for appellants.

M. C. Hamiel, for appellee.

40

KINTZINGER, J.—The record in this case shows that all the assets of the Farmers Savings Bank were placed in the hands of appellant trustees for the purpose of liquidation. When this claim was filed, the affairs of the bank were still in process of liquidation. No receiver has ever been appointed and no action has ever been commenced by the bank, by a receiver, or by any of its creditors asking for the double liability assessment authorized by statute.

John Lunow, the decedent, during his lifetime was the owner of two shares of stock in said bank of the par value of $100 each. The claim filed herein is for an order on the executrix to pay $200 to a trustee, out of said estate, to be held by said trustee, for the payment of a 100 per cent assessment against the stock held by the said decedent, if and when such an assessment might be made. No such assessment has ever been made, the liquidation of the assets of the bank has not yet been completed, and the testimony fails to show how much of a stock assessment, if any, might ever be required, if an action therefor, against all of the stockholders, should be commenced some time in the future. The lower court disallowed the claim, and appellants appeal.

We have carefully examined appellants' brief and argument, and fail to find that any errors have been set out or relied upon for reversal as required by Rule No. 30 of this court. Rule No. 30 provides that: ''The brief of appellant shall contain a short and clear statement showing: * * *

''Fifth. The errors relied upon for reversal.''

This ''rule contemplates and requires * * * a statement of the *errors* relied upon for reversal.'' It ''contemplates that the statement of errors shall be complete in itself and that each ruling of the court deemed by the appellant to be erroneous and reversible *shall be set forth in clear, concise and definite language* sufficiently full and specific, * * * to apprise the court of the ruling complained of and *the particular or particulars in which and for what reason it is claimed to be erroneous.*''

Rule No. 30 also contemplates that ''omnibus statements of error will not be considered.''

This court has repeatedly held that it is necessary to set forth in the brief and argument the errors relied upon for reversal, and that they be sufficiently clear and specific to apprise

the court of the exact error relied on for reversal. The law is well settled that omnibus statements of error will not be considered. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18; Reynolds & Heitsman v. Henry, 193 Iowa 164, 185 N. W. 67; Fisher v. McCarty, 197 Iowa 369, 195 N. W. 608; In re Estate of Butterbrodt, 201 Iowa 871, 208 N. W. 297; Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218; Central Tr. Co. v. City of Des Moines, 204 Iowa 678, 216 N. W. 41; Blakely v. Cabelka, 207 Iowa 959, 221 N. W. 451, Hedrick National Bank v. Hawthorne, 209 Iowa 1013, 227 N. W. 403; Erlanson v. University of Commerce, 223 N. W. 756.

In re Estate of Louise Butterbrodt (Louise Licht v. Henry Butterbrodt), 201 Iowa 871, 208 N. W. 297, a claim was filed against an estate. In that case, this court said:

"It is further urged that the court erred in overruling objectors' motion for a new trial. As said motion consists of eight grounds, and appellant has not called to our attention any specific one of the grounds to which he objects, an omnibus assignment of this kind will not be reviewed."

In Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218, we said:

"Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objection thereto. Omnibus errors will not be considered, *but will be disregarded.* [Citing cases.] The thought is that, in assigning these points or errors, *it must not only state the points, but the reason or basis for the complaint.*"

In Hedrick National Bank v. Hawthorne, 209 Iowa 1013, loc. cit. 1015, 227 N. W. 403, 404, defendant appealed and alleged as error that " 'the court erred in sustaining the plaintiff's said motion as to each and all of the grounds there stated.' It is thus apparent that the appeal is prosecuted without regard to the rules of this court, as we have repeatedly held that sweeping, omnibus 'errors relied upon for a reversal' in blanket form such as the foregoing, are not sufficient, under the rules of this court, to present anything for our consideration and determination."

This rule was adhered to in Rawleigh Medical Co. v. Bane,

218 Iowa 154, 254 N. W. 18, in which an exhaustive review of the authorities upon that question is made. In that case, we said:

"In view of our previous holdings, we see no escape from the conclusion that, under the rules of this court, the statement of the errors relied upon by the appellant for reversal do not present anything for the consideration and determination of this court."

The case at bar is much stronger than any of the cases herein referred to. In this case *no errors whatever are assigned* as grounds for a reversal. If errors, assigned generally, are not a sufficient compliance with Rule No. 30, where they fail to set forth sufficiently clear language to apprise the court of the reason why the ruling complained of is erroneous, it must necessarily follow that the rule is likewise not complied with *where no errors whatever are assigned*. There was no attempt whatever to comply with Rule No. 30 in this case. As no errors have been assigned, it necessarily follows there are none here to be considered.

It is, therefore, our conclusion that as nothing is presented for the consideration and determination of this court, the order and judgment of the lower court must be, and is hereby, affirmed.—Affirmed.

ANDERSON, C. J., and all Justices concur.