R. P. ANDREAS & SON, Appellees, v. F. M. HEMPY, Appellant.

No. 43426.

JUNE 19, 1936.

Donnelly, Lynch, Anderson & Lynch, for appellees.

Fred C. Fisher, and J. C. France, France, Cash & Healey, for appellant.

ANDERSON, J. ▮▮▮ This is a law action involving the rul-

ing of the lower court in sustaining a motion to strike a belated pleading. The action was brought for the September, 1932, term in the district court of Jones county and was to recover the difference between an amount advanced by the plaintiffs to the defendant on the purchase of a quantity of corn and the price of the corn at the time the purchase was consummated. An answer and counterclaim was filed by the defendant. Plaintiffs' motion to strike certain matters from the answer and a demurrer to the counterclaim were sustained and the defendant was given ten days to elect to stand on the ruling on the demurrer or to amend. The defendant neither sought an extension of time nor indicated in any way that he desired to amend or further plead until more than a year and one-half after the date of the ruling. He then filed an amended and substituted answer and counterclaim and the plaintiffs moved to strike the same from the record on the grounds:

(1) That by failing to plead over for a period of more than a year and one-half the defendant should be held to have elected to stand on the ruling and waived any right to amend and,

(2) That the filing of the pleading so long after the ruling on the motion and demurrer and so long after the expiration of the time granted by the court to amend should have no force or effect and the filing of the belated pleading is wholly unwarranted and constitutes an attempt on the part of the defendant to plead over after having elected to stand on the previous ruling.

The trial court sustained the motion to strike the amended pleading and from such ruling this appeal is prosecuted.

It is the general rule that the filing of amendments is largely within the discretion of the trial court and unless such discretion is abused the appellate court will not interfere on appeal. We have said,

"The allowance or refusal of amendments is a matter which is largely within the sound discretion of the trial court. The advisability of allowing it is a question of fact, which is to be determined by the trial court, and the determination will not be reviewed by this court except in cases showing a gross abuse of its discretion. The presumption is always against such abuse." Roberdee v. Bierkamp, 160 Iowa 687, 693, 142 N. W. 217, 219; Lawyer v. Stansell, 217 Iowa 111, 250 N. W. 887, and cases cited.

Under the record facts in the case at bar it cannot be held that there was any abuse of the discretion lodged in the trial court.

The failure of the appellant to properly assign error under the expressed provisions of Rule 30, adopted June 17th, 1935, would forbid this court to consider this case upon appeal.

The rule as amended on the above date became absolutely obligatory on January 1st, 1936, and we are not disposed to waive it in the future in any particular. In the record in the case at bar we have to turn to the last page of the appellant's brief and argument to find a pretended assignment of errors. However, we have considered the record and are constrained to hold that no error appears and the ruling of the trial court is therefore affirmed.—Affirmed.

DONEGAN, C. J., and KINTZINGER, ALBERT, RICHARDS, and HAMILTON, JJ., concur.