Frank J. Wettengel, Jr., Appellee, v. Harrison County Farmers Mutual Fire & Lightning Insurance Association, Appellant.

No. 43584.

April 6, 1937.

Howard B. Scott and John A. Murray, for appellant.

Powers & Gilchrist, for appellee.

KINTZINGER, J.—Plaintiff had a fire insurance policy with the defendant company on a dwelling near Dunlap, Iowa. The dwelling was completely destroyed by fire on October 31, 1931. Shortly thereafter, plaintiff, acting through his brother, made an adjustment of the loss with the defendant company in the sum of $1,000, and due proof of loss was furnished the defendant.

Thereafter, on December 19, 1931, the defendant company wrote the following letter to the insured at Maywood, Illinois:

"Having received no word from you in regard to your loss by fire * * *, we are enclosing a check for $1,000 * * * being payment in full under our policy No. 20590. It was my understanding with your brother that you are to take the matter up with the holder of the mortgage, Alice Satterlee, Gales Ferry, Connecticut, and see if she would furnish us with a release. We received no word and it was necessary for us to make the check payable to you and the mortgage holder. It will be necessary for you to get the endorsement from the mortgagee before you can cash this check. *If it would be more satisfactory, if you could furnish us with a release from Alice Satterlee, you could return the check to us and we will cancel it and make a new one direct to you.* * * * (signed) C. L. Strong, Sec'y." (Italics ours.)

Upon receipt of this letter, the plaintiff returned the joint check to the defendant, and pursuant to their letter of December 19, asked the defendant company to send him a form of release for Alice Satterlee to sign, so that a check payable to plaintiff alone be issued. On December 26, 1931, the defendant company acknowledged return of the check and receipt of his letter, by the following letter sent to plaintiff at Maywood, Illinois:

"We are in receipt of your letter with the check for the $1,000 returned and in accordance with your request, we are enclosing the release * * * which if you will have the Mortgagee sign and return the same to us, we will be pleased to issue you another check made payable to you to take the place of the one which was made payable to you and Alice Satterlee, Mortgagee. Hoping this is satisfactory, I am * * * C. L. Strong, Sec'y."

Thereafter, plaintiff received word from Ed Satterlee, agent of the mortgagee, advising him that the mortgagee would make no claim for any part of the insurance money. This information

was communicated to appellant and payment of the amount agreed upon was requested. At that time the insurance company refused to pay more than $600, claiming that the amount of the loss by fire did not exceed that amount, but no objection to its payment was made for want of a written release from the mortgagee. Payment of the full amount was refused, and on February 27, 1933, plaintiff commenced this action to recover the $1,-000 settlement alleged to have been agreed upon in December, 1931. This action came on for trial on March 27, 1934.

At the close of the evidence, defendant moved for a directed verdict upon several grounds. This motion was overruled.

Thereafter, on April 25, 1934, the case was reopened on motion of plaintiff to permit the introduction of the formal written release signed by the mortgagee, upon plaintiff's statement that it had not been received until after submission of the case. The following release, Exhibit X, was then introduced by plaintiff:

"Release.

"Gales Ferry, Conn., Jan., 1932.

"I hereby waive all right which I may have to the One Thousand Dollars ($1,000) due to Frank J. Wettengel, Jr. from the Harrison County Farmers Mutual Fire and Lightning Insurance Association, because of loss by fire under policy No. 20590, of insurance, held by the said Frank J. Wettengel, Jr., said property being located in Section Thirty Six (36) Township Eighty Two (82), Range Forty One (41), Crawford County, Iowa, in said Insurance Association. I waive and release said Harrison County Farmers Mutual Fire and Lightning Insurance Association from any liability to me, as Mortgagee of the property upon which the loss by fire occurred and consent that said Insurance Association pay to the said Frank J. Wettengel, Junior, said loss in full. (Signed) Alice Satterlee, Mortgagee." (Duly acknowledged.)

In his petition, plaintiff substantially alleged the foregoing facts. In addition thereto, he alleged that at the time the check for $1,000 was returned to the defendant, it was returned for only one purpose, and that was for the purpose of having a new check issued payable to the plaintiff alone when it was satisfactorily made to appear that Alice Satterlee, mortgagee, made no claim to the insurance company.

The case was finally submitted on March 27, 1934, and de-

fendant renewed its former motion for a directed verdict upon the same grounds. This was also overruled, and on March 18, 1935, judgment was rendered in favor of plaintiff for the amount claimed, and defendant appeals.

Only two assignments of error are alleged, the first being as follows:

"Div. I. The court erred in overruling grounds 3, 5 and 6 of defendant's Motion for Directed Verdict, (Abstract pp. 35, 36, and 37), ground 2 of defendant's Motion in Arrest of Judgment, (Abstract pp. 46 and 47), grounds 4, 5, 11, 15 and 18 of defendant's Motion for New Trial, (Abstract pp. 47, 48, 49, 50, 51, 52, 53, 54 and 55), and in finding that a contract of settlement had been made between the parties and in rendering judgment against the appellant thereon to all of which due exceptions were taken, (Abstract p. 37, line 6; p. 40, line 25; p. 45, lines 30 and 31)."

Then follows the brief point alleging that "these findings and rulings were erroneous because there was no evidence whatever of a contract of settlement," with citations supporting the brief point.

The second assignment of error is alleged in the following language:

"Div. II. The court erred in overruling ground 4 of defendant's Motion for a Directed Verdict, ground 2a of defendant's Motion in Arrest of Judgment, ground 5f of defendant's Motion for a New Trial, in finding that the alleged contract of settlement was supported by a consideration, and in rendering judgment against the defendant thereon, to all of which due exceptions were taken."

Appellee contends that these assignments failed to comply with Rule 30 because they contain no record of the specific errors complained of, and because they contain no specific reason why they are erroneous, and, therefore, bring no matter before this court for review. A compliance with Rule 30 requires not only a record of the facts constituting the errors relied on, but also the reason or basis for the complaint.

Rule 30 of this court provides that:

"The appellant shall * * * state his * * * error relied upon for a reversal, *and shall set out so much of the record as refers*

*thereto,* together with the ruling of the court thereon; *and shall then point out specifically and in concise language, the complaint against the ruling of the court.* This shall be followed by a brief of authorities in support of his contention. * * * Appellant shall then pass to the next error relied upon for reversal, which shall be stated in like manner * * * and supported by citation of authorities and argument.'' (Italics ours.)

We have repeatedly held that this rule requires that part of the record complained of to be set out sufficiently to show the ruling of the court, and also specifically state the reason for the complaint.

The assignments here simply state that the court erred in overruling several grounds of a motion for a directed verdict, one ground of a motion in arrest of judgment, and five grounds of a motion for a new trial, without setting them out. These matters are all contained in the two assignments. They are clearly of an ''omnibus'' character, fail to set out the record in relation thereto, and fail to point out any specific reason why the court erred in the matters complained of.

It is the uniform holding of this court that in law actions the appellant must set out specifically the errors complained of and the reasons why the court erred therein. Licht v. Butterbrodt, 201 Iowa 871, 208 N. W. 297; Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218; Lorimer v. Hutchinson Ice Cream Co., 216 Iowa 384, 249 N. W. 220; W. T. Rawleigh Med. Co. v. Bane, 218 Iowa 154, 254 N. W. 18; Dravis v. Sawyer, 218 Iowa 742, 254 N. W. 920; In re Estate of Lunow, 220 Iowa 39, 261 N. W. 499; Forrest v. Sovereign Camp W. O. W., 220 Iowa 478, 261 N. W. 802; Schelldorf v. Cherry, 220 Iowa 1101, 264 N. W. 54; Andreas v. Hempy, 221 Iowa 1184, 268 N. W. 13; Luther v. Natl. Inv. Co., 222 Iowa 305, 268 N. W. 589.

In Licht v. Butterbrodt, 201 Iowa 871, loc. cit. 875, 208 N. W. 297, 299, this court said:

''It is further urged that the court erred in overruling objectors' motion for a new trial. As said motion consists of eight grounds, and appellant has not called to our attention any specific one of the grounds to which he objects, an omnibus assignment of this kind will not be reviewed.''

In Ryan Bros. v. Rate, 203 Iowa 1253, loc. cit. 1255, 213 N. W. 218, the court said:

"Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. *Omnibus errors will not be considered, but will be disregarded.* [Citing cases.] The thought is that, in assigning these points or errors, the assignment must not only state the points, but the reason or basis for the complaint."

In re Estate of Lunow, 220 Iowa 39, loc. cit. 40, 261 N. W. 499, 500, this court said:

"This court has repeatedly held that it is necessary to set forth in the brief and argument the errors relied upon for reversal, and that they be sufficiently clear and specific to apprise the court of the exact error relied on for reversal. The law is well settled that omnibus statements of error will not be considered. [Citing cases.]"

In the recent case of Andreas v. Hempy, 221 Iowa 1184, 1186, 268 N. W. 13, this court speaking through Justice Anderson, said: "The failure of the appellant to properly assign error under the expressed provisions of Rule 30, adopted June 17, 1935, would forbid this court to consider this case upon appeal. The rule as amended * * * became absolutely obligatory * * *, and we are not disposed to waive it in the future in any particular."

Of similar import is W. T. Rawleigh Med. Co. v. Bane, 218 Iowa 154, 254 N. W. 18.

The reasons for these rules are fully discussed and considered in the foregoing cases, and a further discussion thereof is deemed unnecessary here.

Under the rules announced in the cases hereinabove referred to, we are impelled to hold that the errors herein assigned present no question for review. However, we have carefully examined the record, and find no error therein.

No other errors are raised.

For the reasons hereinabove expressed, the judgment of the lower court must be, and is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, PARSONS, DONEGAN, HAMILTON, MITCHELL, STIGER, and SAGER, JJ., concur.