ADAM PICKETT, Executor, Appellee, v. JOE D. WRAY, Appellant.

No. 44285.

JUNE 21, 1938.

Healey & Reynolds, for appellee.

D. W. Harper, for appellant.

PER CURIAM.—The note in question was executed by the defendant, Joe D. Wray, and J. M. Wray, now deceased, on October 31, 1932, in the sum of $1,000, payable December 15, 1932. The record shows that J. M. Wray signed the note in question as surety thereon. The defendant filed a general denial and also pleads payment as a defense.

On the trial of the case, however, the following agreement was entered into:

"It is agreed and stipulated that this law action be tried to the Court and the jury waived. That the note Exhibit '1' is the property of the J. M. Wray estate unless the note has been paid or cancelled as claimed by the defendant."

The case was tried to the court which found as a matter of fact that the note had not been paid, and judgment was therefore entered against the defendant in the sum of $1,137.76, from which the defendant appeals.

We are met at the threshold of this case with a motion filed by appellee to dismiss appellant's appeal for failing to comply with Rule 30 of the rules of this court relating to the assignment of errors.

Rule 30 requires that the brief and argument shall contain a short and clear statement showing:

"First. The nature of the action;

"Second. The nature of the defense;

"Third. How the case was decided;

"Fourth. A brief statement of the main facts as claimed by the appellant."

These four requirements have been substantially complied with. The fifth paragraph of Rule 30, however, requires:

"Fifth. The appellant shall then state his first error relied upon for a reversal, *and shall set out so much of the record as refers thereto,* together with the ruling of the court thereon; *and shall then point out specifically and in concise language, the complaint against the ruling of the court.* This shall be followed by a brief of authorities in support of his contention, without

quotation therefrom. Then shall follow his argument, * * * supporting the errors thus claimed .* * * (Italics ours.)

"Appellant shall then pass to the next error relied upon for reversal, which shall be stated in like manner as above specified and supported by citation of authorities and argument."

The errors relied upon by appellant herein were not set out in separate divisions as required by paragraph 5 of Rule 30, but were all set out together in the following manner:

"ERRORS RELIED ON FOR REVERSAL

"1.   The Court erred in determining the issues arising from the pleadings.

"2.   The Court erred in considering evidence that was not in the record and failing to recognize appellant's defense.

"3.   The Court erred in holding there was no payment of the note by defendant.

"4.   The Court erred in failing to observe the value of the consideration paid by defendant.

"5.   The Court erred in failing to consider the circumstances proved on the trial.

"6.   The Court erred in excluding defendant's evidence and admitting plaintiff's evidence and plaintiff's incompetent witness, Lenora Lenhart."

Although paragraph 5 of Rule 30 requires the errors assigned to be set out in separate divisions, and although we do not countenance a noncompliance with this rule, we do not base our finding herein upon the fact that the errors were set out together.

The vital complaint against the errors assigned is that none of them comply with the first part of Par. 5. This paragraph requires that appellant shall set out his error relied upon for reversal, *and shall set out so much of the record as refers thereto, together with the ruling of the court thereon; and shall then point out specifically and in concise language the complaint against the ruling of the court.* Not one of the errors assigned contains any part of the record referring thereto, and fails to point out specifically and in concise language the complaint against the ruling of the court. They are all omnibus errors and give no specific reason for the errors assigned therein.

In Andreas & Son v. Hempy, 221 Iowa 1184, 1. c. 1186, 268 N. W. 13, this court, speaking through Justice Anderson, said:

"The failure of the appellant to properly assign error under the expressed provisions of Rule 30, adopted June 17th, 1935, would forbid this court to consider this case upon appeal.

"The rule as amended on the above date became absolutely obligatory on January 1st, 1936, and we are not disposed to waive it in the future in any particular."

The fifth paragraph of Rule 30 as amended is more specific than the fifth paragraph of Rule 30 before it was amended. A note under the old rule states:

"The rule contemplates that the statement of error shall be complete in itself and that each ruling of the court deemed by the appellant to be erroneous and reversible shall be set forth in clear, concise and definite language sufficiently full and specific, but without elaboration, to apprise the court of the ruling complained of and the particular or particulars in which and for what reason it is claimed to be erroneous."

Rule 30 as contained in the amendment of 1935 is more specific than paragraph 5 of the old Rule 30, and also contemplates what this court has repeatedly said was contemplated by Rule 30 before the amendment. This rule therefore requires that each error assigned shall be sufficiently full and specific to apprise the court of the ruling complained of and the particular in which and for what reason it is claimed to be erroneous.

A casual examination of the errors relied on for reversal in this case, as hereinabove set out, shows without question that not one of the errors assigned is complete in itself, and that they fail to contain any part of the record assigned as error, or the ruling of the court thereon; they also fail to point out specifically and in concise language the complaint against the ruling of the court, and not one of the errors assigned gives any reason why it is claimed to be erroneous.

"It is the uniform holding of this court that in law actions the appellant must set out specifically the errors complained of and the reasons why the court erred therein." Wettengel v. Harrison County Farmers, Etc. Insurance Assn., 223 Iowa 1, 272 N. W. 435, 437; Russell v. Peters, 219 Iowa 708, 259 N. W. 197; Luther v. National Investment Co., 222 Iowa 305, 1. c. 317, 268 N. W. 589; In re Estate of Lunow, 220 Iowa 39, 261 N. W.

499; Ryan Bros. v. Rate, 203 Iowa 1253, 213 N. W. 218; W. T. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 254 N. W. 18.

In Ryan Bros. v. Rate, 203 Iowa 1253, 1. c. 1255, 213 N. W. 218, this court, speaking through Justice Albert, said:

"Our rules require that, when errors are assigned or points are to be made in this court, they must specifically point out the matter complained of and the objections thereto. Omnibus errors will not be considered, but will be disregarded. Among the numerous cases so holding are Town of Waukon v. Strouse, 74 Iowa 547, 38 N. W. 408; Guyer & Hoshaw v. Minnesota Thresher Mfg. Co., 97 Iowa 132, 66 N. W. 83; Holt v. Doty, 193 Iowa 582, 187 N. W. 550; Reynolds v. Chehak, 199 Iowa 561, 202 N. W. 268. The thought is that, in assigning these points or errors, the assignment must not only state the points, but the reason or basis for the complaint."

In referring to substantially similar assignments, this court in W. T. Rawleigh Medical Co. v. Bane, 218 Iowa 154, 1. c. 159, 254 N. W. 18, 1. c. 21, speaking through Justice Donegan, said:

"An examination of the * * * 'Errors relied upon for Reversal' shows that they are all insufficient for the reasons that we have just discussed * * * In none of them is there contained anything more than an omnibus statement that the court erred in making the rulings referred to, and there is nothing in any of them which shows even an apparent attempt to comply with the requirement of the rule that the statement of the error relied upon for reversal must be sufficiently full and specific to apprise the court of the particular or particulars in which and for what reason it is claimed to be erroneous."

Likewise in the case at bar, there is nothing in any of the errors relied on for reversal which shows even an apparent attempt to comply with the requirement of the rule that the statement of error must be sufficiently full and specific to apprise the court of the particular or particulars in which and for what reason it is claimed to be erroneous. A cursory examination of the errors relied on for reversal in this case will disclose that they absolutely fail to comply with the requirements of paragraph 5 of Rule 30.

Under the rules announced in the cases hereinabove referred to, we are impelled to hold that appellee's motion to dismiss the

appeal must be sustained. However, we have carefully examined the record and find no error therein.

For the reasons hereinabove expressed, the judgment of the lower court must be and is therefore hereby affirmed.—Affirmed.